Opinions of the United States Court of Appeals for the Third Circuit



10-12-1995

# Deutsch v United States

Precedential or Non-Precedential:

Docket 95-1291

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"Deutsch v United States" (1995). *1995 Decisions.* Paper 265.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/265

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 95-1291


MELVIN P. DEUTSCH,
                    Appellant

V.

UNITED STATES OF AMERICA


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 95-01728)


Submitted Under Third Circuit LAR 34.1(a)
August 9, 1995

Before:  GREENBERG, NYGAARD and LEWIS, <u>Circuit Judges</u>

(Opinion Filed  October 12, 1995 )


MELVIN P. DEUTSCH, PRO SE
#97217-024
Metropolitan Correction Center
150 Park Row
New York, NY 10007
Appellant, Pro Se

JOHN N. JOSEPH, ESQUIRE
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, Pa 19106
Attorney for Appellee


OPINION OF THE COURT


1

NYGAARD, Circuit Judge.

Melvin P. Deutsch appeals from an order that dismissed his in forma pauperis complaint as "frivolous or malicious" within the meaning of 28 U.S.C. § 1915(d) (1988); the district court determined that the relief Deutsch sought was a "trifle" and thus not worthy of adjudication. We will affirm, but for reasons other than those offered by the district court. We hold that a court may dismiss an in forma pauperis claim as frivolous if, after considering the contending equities, the court determines that the claim is: (1) of little or no weight, value, or importance; (2) not worthy of serious attention; or (3) trivial.

I.

Deutsch filed a motion to proceed in forma pauperis and a complaint, alleging that prison guards took his writing pens and never returned them. Deutsch also alleged that he had filed a tort claim with the federal government in September 1994, but that the government declined to offer a settlement because it found no evidence that his pens had been taken. Deutsch then filed this action, which the district court properly construed as a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680 (1988). Deutsch requested $4.20 for his pens, plus litigation costs, attorney's fees, and interest.

The district court granted Deutsch leave to proceed in forma pauperis but dismissed the complaint under § 1915(d). The district court determined that the $120 filing fee paid by every non-indigent plaintiff has the practical effect of precluding

3

insubstantial claims seeking solely monetary damages.  It concluded that the in forma pauperis legislation was not intended to encourage indigent plaintiffs to assert claims that a non-indigent plaintiff would not.  The district court was unable to conclude that the case was legally or factually frivolous, or that it was brought for a malicious purpose, but instead determined that under the doctrine of de minimis non curat lex,[0] plaintiff's claim, which is limited solely to monetary damages in the amount of $4.20, was encompassed by the phrase `frivolous or malicious' as used in § 1915(d).  Accordingly, it dismissed the complaint.

Deutsch filed a notice of appeal and a motion for leave to appeal in forma pauperis.  We notified the parties that we would consider summary action pursuant to Internal Operating Procedure 10.6.  Deutsch did file a summary action response.  We will consider this appeal on the district court record and the United States Attorney's response.[0]

---

[0] "The law does not care for, or take notice of, very small or trifling matters.  The law does not concern itself about trifles."  BLACK'S LAW DICTIONARY 431 (6th ed. 1990).

[0] The U.S. Attorney's Office responded to our notification that we would take summary action on this appeal by directing our attention to United States v. Bradley, 892 F.2d 634 (7th Cir.), cert. denied, 495 U.S. 909, 110 S. Ct. 1935, 109 L.Ed.2d 298 (1990).  We will take notice of the Bradley opinion because, in that case, Deutsch lied to a district court, claiming that he was an attorney and that he should be permitted to enter an appearance as trial counsel for a criminal defendant.  Deutsch is not, and never has been, an attorney.  After considering the situation, the court of appeals felt compelled to issue a warning:  "Deutsch is a con man, a fraud, a phony, a humbug, a mountebank--in short, an impostor. . . .  Judges should be on the lookout for Mr. Deutsch, whose persistence suggests that he may

4

(a) Jurisdiction

We have held that an order dismissing a complaint without prejudice is not final under § 1291, and thus not appealable. Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). In Borelli, we recognized that an exception to this jurisdictional rule exists if the plaintiff either cannot cure the defect that led to dismissal or elects to stand on the dismissed complaint. Id. at 951-52.

Here, the district court failed to specify whether the § 1915(d) dismissal was with or without prejudice, and there is no indication in the opinion accompanying the dismissal order that the court expected Deutsch to file a curative complaint. Although the filing of a paid complaint has not been prejudiced, we will review the order appealed pursuant to § 1291. The district court's order is in essence final, because an in forma pauperis plaintiff must be afforded appellate review of a determination that he is required to pay all or a portion of the court costs and filing fees to file a claim, either because he does not qualify for in forma pauperis status or because his complaint is frivolous. See Roberts v. United States Dist. Court, 339 U.S. 844, 845, 90 S. Ct. 954, 94 L.Ed.2d 1326 (1950) (per curiam) (order denying leave to proceed in forma pauperis is final, collateral order that is appealable under § 1291); see also Sinwell v. Shapp, 536 F.2d 15, 16 (3d Cir. 1976).

---

have other marks in sight." Id. at 634-35; see also United States v. Ziegenhagen, 890 F.2d 937, 939 n.7 (7th Cir. 1989).

5

Alternatively, if the plaintiff has expressed an intent to stand on the dismissed complaint, or if it appears that the plaintiff could do nothing to cure the complaint's defects, then the order is likewise appealable under § 1291. Riley v. Simmons, 45 F.3d 764, 770 (3d Cir. 1995); Presbytery of N.J. Orthodox Presbyterian Church v. Florio, 40 F.3d 1454, 1461-62 n.6 (3d Cir. 1994). Here, it appears that Deutsch could not cure the defect that led to dismissal because the relief he sought was determined to be too small an amount to survive § 1915(d) scrutiny. Accordingly, we conclude the order is appealable under § 1291.

(b) Standard of Review

We apply a deferential abuse of discretion standard when reviewing a district court's decision to dismiss an in forma pauperis complaint under § 1915(d). Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L.Ed.2d 340 (1992). However, even within this narrow scope of review, to the extent that the district court, in the course of its frivolousness determination, engaged in the choice, application, and interpretation of legal precepts, our review is plenary. See Louis W. Epstein Family Partnership v. Kmart Corp., 13 F.3d 762, 766 (3d Cir. 1994) (citing Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 102 (3d Cir. 1981)).

III.

The district court relied on the maxim de minimis non curat lex and concluded that Deutsch's complaint was "frivolous or malicious" within the meaning of § 1915(d). The Supreme Court has recognized that "the venerable maxim de minimis non curat lex

6

. . . is part of the established background of legal principles against which all enactments are adopted, and which all enactments (absent contrary indication) are deemed to accept." Wisconsin Dep't of Revenue v. Wrigley, 505 U.S. 214, 231, 112 S. Ct. 2447, 120 L.Ed.2d 174 (1992). Given the importance of the maxim de minimis non curat lex in American jurisprudence, it is clear that the district court's reliance on that maxim was well-intended. We conclude, nonetheless, that the plain meaning of the term "frivolous" authorizes the dismissal of in forma pauperis claims that, like Deutsch's, are of little or no weight, value, or importance, not worthy of serious consideration, or trivial. A dismissal based upon the maxim de minimis non curat lex would encompass claims beyond the parameters of § 1915(d), and is unnecessary to the determination that Deutsch's complaint should be dismissed. We will affirm on the narrower ground that the complaint was frivolous within the meaning of § 1915(d).[0]

The in forma pauperis statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L.Ed.2d 338 (1989) (emphasis added) (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342-43, 69 S. Ct. 85, 93 L.Ed. 43 (1948)). Specifically, Congress enacted the in forma pauperis statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone

---

[0] Because our discussion is confined to the "frivolous" standard, we need not decide whether Deutsch's complaint was also "malicious" within the meaning of § 1915(d).

7

else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. Denton, 504 U.S. at 31; Jones v. Zimmerman, 752 F.2d 76, 78-79 (3d Cir. 1985). To that end, §1915(a) provides, in pertinent part:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor.

See also Coppedge v. United States, 369 U.S. 438, 441, 82 S. Ct. 917, 8 L.Ed.2d 21 (1962).

Congress was also concerned, however, that indigent persons could abuse this cost-free access to the federal courts. Denton, 504 U.S. at 31; Neitzke, 490 U.S. at 324. ("When Congress opened the door to in forma pauperis petitions, it was concerned that the removal of the cost barrier might result in a tidalwave [sic] of frivolous or malicious motions filed by persons who gave no pause before crossing the threshold of the courthouse door."). McTeague v. Sosnowski, 617 F.2d 1016, 1019 (3d Cir. 1980). Thus, Congress sought to empower the courts to dismiss the abusive filings[0] that could result from the absence of a cost barrier by including § 1915(d), which authorizes a court to dismiss an in forma pauperis complaint "if satisfied

---

[0] We note parenthetically that Melvin Deutsch has filed 20 civil actions since 1992. Nevertheless, given the basis on which we are affirming the district court's order, we need not decide whether he has abused his right of access to the courts by repeated, frivolous filings.

8

that the action is frivolous or malicious."  See Denton, 504 U.S. at 31.

As the in forma pauperis legislation, which was first enacted in 1892, begins its second century, it is clear that Congress' use of the term "frivolous" in § 1915(d) has left the federal courts with an imprecise standard for determining whether an in forma pauperis complaint abuses the federal legal system. Indeed, the Supreme Court has found that

> the brevity of § 1915(d) and the generality of its terms have left the judiciary with the not inconsiderable task of fashioning the procedures by which the statute operates and of giving content to §1915(d)'s indefinite adjectives.  Articulating the proper contours of the § 1915(d) term `frivolous,' which neither the statute nor the accompanying congressional report defines, presents one such task.

Neitzke, 490 U.S. at 324-35 (footnote omitted).  Like the other courts of appeals, we have established procedures by which § 1915 is to operate.[0]  Here, we must consider the contours of

---

[0] In this Circuit, leave to proceed in forma pauperis is based on a showing of indigence.  Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).  We review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed in forma pauperis.  Id.  Thereafter, the court considers whether the complaint is "frivolous or malicious" within the meaning of § 1915(d).  Id.  We also recognize that "extreme circumstances" might justify denying an otherwise qualified affiant leave to proceed in forma pauperis.  Lockhart v. D'Urso, 408 F.2d 354, 355 (3d Cir. 1969) (per curiam).  Although we have not delineated the circumstances that might be sufficiently "extreme" to justify denial, we remain open to the possibility that an affiant may someday warrant invocation of this exception to the usual procedure.  Cf. In re Sindram, 498 U.S. 177, 180, 111 S. Ct. 596, 112 L.Ed.2d 599 (1991) (per curiam) (barring abusive petitioner from in forma pauperis status when seeking extraordinary writs and stating that "the Court has a duty to deny in forma pauperis status to those individuals who have abused the system.").

§1915(d)'s frivolous standard to address whether the court is authorized to dismiss an in forma pauperis claim if it determines that the controversy under the claim is trifling.

Preliminarily, we note that the Supreme Court has already defined some contours for the frivolous standard. For example, a claim based on an indisputably meritless legal theory may be dismissed as frivolous under § 1915(d). Neitzke, 490 U.S. at 327; Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). Accordingly, we held in Abdul-Akbar v. Watson, 901 F.2d 329, 334-35 (3d Cir.), cert. denied, 498 U.S. 806, 111 S. Ct. 237, 112 L.Ed.2d 196 (1990), that a prisoner's in forma pauperis complaint alleging that prison officials had violated his right of access to the courts was not legally frivolous because the district court could not conclude that the allegations turned on an indisputably meritless legal theory. Section 1915(d) also authorizes the dismissal of a complaint as factually frivolous if a court determines that the contentions are clearly baseless. Neitzke, 490 U.S. at 325, 328. In Denton, the Supreme Court held that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the wholly irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." 504 U.S. at 33.

The Supreme Court has only begun, with Neitzke and Denton, to define § 1915(d)'s frivolous standard. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) ("[T]he term `frivolous' [] connotes discretion because, as a practical matter, it is simply not susceptible to categorical definition. Although the Supreme

10

Court has loosely defined frivolous claims, . . . it has declined to fashion too precise a rule."); White v. White, 886 F.2d 721, 724 (4th Cir. 1989).  More specifically, Neitzke and Denton do not preempt us from considering whether § 1915(d)'s use of the term "frivolous" includes trivial claims, because neither opinion places the contours of the frivolous standard beyond the purview of further judicial inquiry.

"Where, as here, the resolution of a question of federal law turns on a statute and the intention of Congress, we look first to the statutory language and then to the legislative history if the statutory language is unclear."  See Toibb v. Radloff, 501 U.S. 157, 162, 111 S. Ct. 2197, 2199, 115 L.Ed.2d 145 (1991).  Accordingly, we turn to the issue on appeal, which requires that we look to both the language of § 1915(d) and the congressional intent underlying its enactment.  Blum v. Stenson, 465 U.S. 886, 896, 104 S. Ct. 1541, 1548, 79 L.Ed.2d 891 (1984). We recognize that, as an interpreting court, we must begin with the "assumption that the ordinary meaning of that language accurately expresses the legislative purpose." FMC Corp. v. Holliday, 498 U.S. 52, 57, 111 S. Ct. 403, 407, 112 L.Ed.2d 356 (1990) (quoting Park `N Fly, Inc. v. Dollar Park & Fly, Inc., 469 U.S. 189, 194, 105 S. Ct. 658, 661, 83 L.Ed.2d 582 (1985)).

The Supreme Court has determined that the meaning of "frivolous" in § 1915(d) is "indefinite." Neitzke, 490 U.S. at 325 ("neither the statute nor the accompanying congressional reports [define frivolous]"); see H.R. Rep. No. 1079, 52d Cong., 1st Sess. (1892); see also Mallard v. United States Dist. Court,

11

490 U.S. 296, 302, 109 S. Ct. 1814, 104 L.Ed.2d 318 (1989) (referring to the Report of the House Judiciary Committee as generally "unilluminating"). When a term is defined neither by the statutory text nor its legislative history, we must construe it in accordance with its ordinary and natural, or plain, meaning. See Director, Office of Workers' Comp. Programs, Dep't of Labor v. Greenwich Collieries, ___ U.S. ____, 114 S. Ct. 2251, 2255, 129 L.Ed.2d 221 (1994) (citing Smith v. United States, 508 U.S. ____, 113 S. Ct. 2050, 2055, 124 L.Ed.2d 138 (1993). Thus, in determining whether the Congress used "frivolous" to authorize the dismissal of trifling or trivial claims, we must look to the plain meaning of "frivolous," consonant, of course, with the general legislative purposes served by the in forma pauperis statute. See Mallard, 490 U.S. at 300-02.

"Frivolous" means "of little or no weight, value, or importance; paltry; trumpery; not worthy of serious attention; having no reasonable ground or purpose." The meaning of "frivolous" was the same in the 1890s, when the in forma pauperis statute was first enacted, as it is today. THE OXFORD ENGLISH DICTIONARY 556 (1987); see also THE AMERICAN HERITAGE DICTIONARY 535 (2d ed. 1982) ("(1) unworthy of serious attention; trivial; (2) inappropriately silly"); THE NEW CENTURY DICTIONARY 618 (D. Appleton-Century Co. 1927) ("of little or no weight, worth, or importance; paltry or trivial; not worthy of serious notice; characterized by lack of seriousness or sense; given to trifling or levity."). Commonly used synonyms for frivolous include "impractical," "insignificant," "minor," and "trivial." The plain meaning of

12

"frivolous" indicates that Congress intended §1915(d) to authorize a court to dismiss a complaint when it determines that the action is, inter alia, "of little or no weight, value, or importance," "not worthy of serious attention," or "trivial."

In <u>Neitzke</u>, the Supreme Court began the task of defining the frivolous standard by looking to its definition of a legally frivolous appeal set forth in cases not dealing with applications of § 1915(d).[0] In <u>Denton</u>, the Supreme Court again looked to the legal sense of "frivolous" when it refined the standard that governs the dismissal of factually frivolous claims. <u>See</u> 504 U.S. at 32-33. Significantly, because there is no indication in the statute or the legislative history that "frivolous" was used in § 1915(d) in a legal sense only--thus excluding from consideration the term's other meanings in common usage--we must presume that Congress did not intend to define

---

[0] The Court stated in <u>Neitzke</u> that

> [t]he Courts of Appeals have, quite correctly in our view, generally adopted as formulae for evaluating frivolousness under § 1915(d) close variants of the definition of legal frivolousness which we articulated in the Sixth Amendment case of <u>Anders v. California</u>, 386 U.S. 738[, 87 S. Ct. 1396, 18 L.Ed.2d 493] (1967). There, we stated that an appeal on a matter of law is frivolous where `[none] of the legal points [are] arguable on their merits.'

490 U.S. at 325. We think it would be unwise to construe this ambiguous statement, albeit one proffered by the Supreme Court, as indicative of an intent to limit the Courts of Appeals to these variants of the <u>Neitzke</u> question: i.e., "whether a complaint that fails to state a claim under [Fed. R. Civ. P.] 12(b)(6) is necessarily frivolous within the meaning of §1915(d)." 490 U.S. at 324. We do not infer that the Court would deem unacceptable those formulae developed for evaluating frivolousness in other contexts.

13

"frivolous" in a manner that would immure the concept it defines from the remainder of the it's plain meaning.  See Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54, 112 S. Ct. 1146, 117 L.Ed.2d 391 (1992) ("[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there."); United States v. Ron Pair Enterprises Inc., 489 U.S. 235, 241-42, 109 S. Ct. 1026, 103 L.Ed.2d 290 (1989).

Looking to the context in which "frivolous" is used in § 1915(d), we find further support for viewing the term with a broad sense of its plain meaning.  See Reno v. Koray, ___ U.S. ____, 115 S. Ct. 2021, 2025, 132 L.Ed.2d 46 (1995) (drawing meaning of a word from the context in which it is used.); Ardestani v. Immigration & Naturalization Serv., 502 U.S. 129, 135, 112 S. Ct. 515, 519, 116 L.Ed.2d 496 (1991); Hudson United Bank v. Chase Manhattan Bank, 43 F.3d 843, 848 n.11 (3d Cir. 1994).  Section 1915(d) is phrased so that a finding that an action is frivolous is conjoined as an alternative to a finding that an action is malicious.  A court that considers whether an action is malicious  must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendants.

The frivolous standard, by contrast, as the Supreme Court impliedly recognized in Neitzke and Denton, requires that a court also assess an in forma pauperis complaint from an objective standpoint in order to determine whether the claim is

14

based on an indisputably meritless legal theory or clearly baseless factual contention.  See Denton, 504 U.S. at 34; Neitzke, 490 U.S. at 327.  We presume that, in accordance with Congress's intent to empower the courts with broad discretion to dismiss the abusive filings that would result from the absence of a cost barrier (see Denton, 504 U.S. at 33), the conjunction of the objective "frivolous" standard as an alternative to the subjective "malicious" standard indicates Congress's desire to grant the judiciary a sufficient scope of power to maintain meaningful control over the filing of in forma pauperis complaints.

In accordance with this broad grant of authority, Congress presumably intended the courts to consider the plain meaning of "frivolous" when analyzing a claim, because a crabbed or contrived interpretation would not serve a court when it evaluates whether an in forma pauperis complaint abuses the legal system.  Indeed, by way of negative inference, we know that Congress did not express concern that one could abuse the legal system only by filing legally frivolous claims; rather, Congress was concerned that there would be many varieties of abuse resulting from the absence of a cost barrier.  Thus, we conclude that under § 1915(d), a court may also properly focus on whether the action is frivolous in the sense that it is: (1) of little or no weight, value, or importance; (2) not worthy of serious consideration; or (3) trivial.

This interpretation of § 1915(d)'s frivolous standard is consistent with the goals of the in forma pauperis

15

legislation, and we are confident that giving effect to the entire plain meaning of "frivolous" will not produce "a result demonstrably at odds with the intention of the drafters." Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 571, 102 S. Ct. 3245, 3230, 73 L.Ed.2d 973 (1982). Indeed, in our view it would be anomalous to conclude that the in forma pauperis legislation, while seeking to "assure equality of consideration for all litigants[,]" Coppedge v. United States, 369 U.S. at 447, would also seek to encourage an indigent litigant such as appellant to pursue suit upon a trivial claim that a paying litigant would not file, because common sense and the practical effect of having to pay $120 in filing fees to recover $4.20 would in effect preclude the suit. Thus, a plain-meaning interpretation of "frivolous" serves the drafters' intentions quite well: § 1915(d) authorizes a district court to dismiss trivial claims brought to the courts simply because, upon the grant of in forma pauperis status, there is no longer the ordinary economic disincentive to doing so. See Neitzke, 490 U.S. at 327.

At the time § 1915 was enacted, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Denton, 504 U.S. at 31 (internal quotation marks omitted) (quoting Neitzke, 490 U.S. at 324). In recent years, however, it has become clear that the absence of a cost barrier is, as Congress feared it would be, the primary reason indigent litigants do not refrain from filing frivolous lawsuits. See,

16

e.g., Zatko v. California, 502 U.S. 16, 16–17, 112 S. Ct. 355, 116 L.Ed.2d 293 (1991) (per curiam) ("[I]n forma pauperis petitioners lack the financial disincentives--filing fees and attorney's fees--that help to deter other litigants from filing frivolous petitions[.]"); In re Amendment to Rule 39, 500 U.S. 13, 14, 111 S. Ct. 1572, 114 L.Ed.2d 15 (1991) (per curiam) (noting lack of economic disincentives and amending Supreme Court Rule 39 so that the Court can deny in forma pauperis status to those who submit "frivolous or malicious" filings); Lumbert v. Illinois Dep't of Corrections, 827 F.2d 257, 259 (7th Cir. 1987); Phillips v. Mashburn, 746 F.2d 782, 784–85 (11th Cir. 1984); Franklin v. Murphy, 745 F.2d 1221, 1226 (9th Cir. 1984); Anderson v. Coughlin, 700 F.2d 37, 42–43 (2d Cir. 1983). Although § 1915 was enacted to remove the cost barrier that kept indigent persons from the federal courts, Congress did not intend that the courts ignore, particularly when applying § 1915(d), Congress' concern that absence of an economic disincentive could lead to litigation that abuses the system.

The Supreme Court has determined that § 1915(d) "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit[.]" Neitzke, 490 U.S. at 327; see Roman v. Jeffes, 904 F.2d 192, 195 n.3 (3d Cir. 1990); Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) ("Congress enacted § 1915(d) in order to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless

17

claims."); <u>White v. White</u>, 886 F.2d 721, 724 (4th Cir. 1989)

("[Section] 1915(d) seeks to forestall frivolous pro se lawsuits

that would not be brought by paying litigants."). In essence,

§1915(d) represents Congress's attempt to codify its awareness

that paying litigants, unlike indigent litigants, consider the

economic feasibilities of suing before filing a lawsuit. When

one must pay the expenses of pursuing litigation, one will first

consider whether the costs of suing will be greater than the

benefits to be gained. See <u>Lumbert</u>, 827 F.2d at 259; <u>Evans v.

Croom</u>, 650 F.2d 521, 524 (4th Cir. 1981), <u>cert. denied</u>, 454 U.S.

1153, 102 S. Ct. 1023, 71 L.Ed.2d 309 (1982). If it seems that

the cost/recovery differential will be too great, the reasonable

paying litigant will be dissuaded from filing. <u>Neitzke</u>, 490 U.S.

at 328.[0]

The absence of an economic disincentive has developed

into a major concern for the federal courts since the explosion

of <u>in forma pauperis</u> prisoner litigation began almost thirty

years ago. We have been, and remain, cognizant that "the cost in

---

[0] In <u>Neitzke</u>, the Supreme Court distinguished § 1915(d)'s
standard for dismissal from that of Fed. R. Civ. P. 12(b)(6),
finding that

> [t]his conclusion follows naturally from § 1915(d)'s
> role of replicating the function of screening out
> inarguable claims which is played in the realm of paid
> cases by financial considerations. The cost of
> bringing suit and the fear of financial sanctions
> doubtlessly deter most inarguable paid claims, but such
> deterrence presumably screens out far less frequently
> those arguably meritorious legal theories whose
> ultimate failure is not quite apparent at the outset.

490 U.S. at 328.

18

time and personnel to process pro se and in forma pauperis pleadings requires some portion of the court's limited resources and ties up these limited resources to the detriment of other litigants."  Abdul-Akbar v. Watson, 901 F.2d at 332; see also In re McDonald, 489 U.S. 180, 184, 109 S. Ct. 993, 103 L.Ed.2d 158 (1989) (per curiam) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.").[0]  Of course, both paying litigants and in forma pauperis litigants with meaningful claims continue to suffer from the drain on human and economic resources that results from meritless suits.  ("[There are] problems in judicial administration caused by the surfeit of meritless in forma pauperis complaints in the federal courts, not the least of which is the possibility that meritorious complaints will receive inadequate attention or be difficult to identify

---

[0] The Supreme Court has begun to bar abusive petitioners from receiving in forma pauperis status.  See, e.g., In re Whitaker, ___ U.S. ____, 115 S. Ct. 2, 130 L.Ed.2d 1 (1994) (per curiam) (barring abusive petitioner from proceeding in forma pauperis when seeking extraordinary relief); In re Anderson, 511 U.S. ____, 114 S. Ct. 1606, 128 L.Ed.2d 332 (1994) (per curiam) (same); In re Sassower, ___ U.S. ____, 114 S. Ct. 2, 126 L.Ed.2d 6 (1993) (per curiam) (barring abusive petitioner from proceeding in forma pauperis in non-criminal matters when seeking extraordinary relief and certiorari review); Martin v. District of Columbia Court of Appeals, ___ U.S. ____, 113 S. Ct. 397, 397, 121 L.Ed.2d 305 (1992) (per curiam) (barring abusive petitioner from receiving in forma pauperis status to file petitions for writs of certiorari); Zatko v. California, 502 U.S. at 18 (denying in forma pauperis status to two abusive petitioners); In re Demos, 500 U.S. 16, 111 S. Ct. 1569, 114 L.Ed.2d 20 (1991) (per curiam) (barring abusive petitioner from proceeding in forma pauperis when seeking extraordinary relief); In re Sindram, 498 U.S. 177, 179-80, 111 S. Ct. 596, 112 L.Ed.2d 599 (1991) (per curiam) (same).

amidst the overwhelming number of meritless complaints.").
Neitzke, 490 U.S. at 326.  Free v. United States, 879 F.2d 1535,
1536 (7th Cir. 1989) ("Litigation in federal court is not a free
good, and litigation by prisoners places heavy burdens not only
on the courts themselves but on other litigants, whose cases are
shoved further back in the queue."); Savage v. Central
Intelligence Agency, 826 F.2d 561, 564 (7th Cir. 1987) ("Not even
the cause of prisoners' rights is helped by the flood of trivial
suits that distracts judicial attention from the occasional
meritorious one."); Raymon v. Alvord Indep. School Dist., 639
F.2d 257, 258 (5th Cir. Unit A Mar. 1981) ("Each litigant who
improperly seeks federal judicial relief for a petty claim forces
other litigants with more serious claims to await a day in
court.").  The legislation does contemplate providing access to
indigent persons, but "cost-free" is a misnomer, because the
taxpayers must pay to support the system, both with money and in
the sense that they receive diminished services from the courts.
See Free, 879 F.2d at 1539 (Coffey, J., concurring).

In Adkins v. E.I. Dupont de Nemours & Co., 335 U.S.
331, 69 S. Ct. 85, 93 L.Ed. 43 (1948), the Supreme Court
interpreted several provisions of the in forma pauperis statute.
In the Court's unanimous opinion, the most important
consideration for the Court in analyzing § 1915 was the financial
impact that those seeking the benefits of the in forma pauperis
statute would have on the financial interests of the taxpaying
public.  For example, in the context of an indigent appellant's
request to have superfluous matters printed for inclusion in the

20

record on appeal, the Court stated that "[w]e do not think that the court was without power to protect the public from having to pay heavy costs incident to the inclusion of `wholly unnecessary' matters in an in forma pauperis appeal."  Id. at 337.
Furthermore, the Court added:

> We know of few more appropriate occasions for use of a court's discretion than one in which a litigant, asking that the public pay costs of his litigation, either carelessly or willfully and stubbornly endeavors to saddle the public with wholly uncalled-for expense.

Id.  The lesson to be drawn from Adkins is that the courts must not forget that the public has a legitimate financial interest at stake under the in forma pauperis statute, and that the judiciary's role is not only to consider, but to protect, the public's interest in assuring that the in forma pauperis legislation does not serve wasteful ends.

In addition to authorizing a court to dismiss abusive claims when those claims are appropriately classified as "frivolous or malicious," § 1915(d) also serves the frequently overlooked purpose of providing the courts with a vehicle for conserving scarce judicial resources and assuring that resources are used in the most just manner possible.  See Adams, 40 F.3d at 74 ("[Section 1915(d) is] a statutory provision whose purpose is to conserve judicial resources[.]"); see also Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Section 1915 provides free access to the courts.  Care must be taken to ensure that such access is not abused."); Anderson v. Coughlin, 700 F.2d at 43, (Section 1915 "demands that attention be paid to the conservation

21

of scarce judicial resources.").  It is our view that § 1915(d) was not intended to allow indigent persons cost-free access to the federal courts such that the courts' resources could be depleted by complaints that paying litigants would not file.[0] The important goal of assuring equality of consideration for all litigants is not furthered when the courts allow such trivial claims to drain their limited resources.

In sum, we conclude that Congress intended the court to look to the plain meaning of "frivolous" in § 1915(d).  We hold that § 1915(d) authorizes a court to dismiss an in forma pauperis claim if it determines that the claim is of little or no weight, value, or importance, not worthy of serious consideration, or trivial.

IV.

To find that an in forma pauperis litigant's claim is trivial, a court must be satisfied that the record supports a finding that a reasonable paying litigant would not have filed the same claim after considering the costs of suit.  Accordingly, the court must first find the actual amount in controversy under the claim presented[0] and determine whether the amount in

---

[0] Courts sometimes require in forma pauperis plaintiffs to pay a portion of court costs and filing fees.  Jones v. Zimmerman, 752 F.2d 76, 79 (3d Cir. 1985); see Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989), cert. denied, 498 U.S. 832, 111 S. Ct. 97, 112 L.Ed.2d 68 (1990).  We commend such procedures.  Although we believe that requiring partial payment remains a sound solution, it is not necessary that district courts rely exclusively on partial payment, particularly when § 1915(d) authorizes the dismissal of claims that are filed because there is no economic disincentive.

[0] We are mindful that some litigants request large sums for a monetary remedy.  That a complaint requests a large sum in

22

controversy is less than the expense of the court costs and filing fees.  If the court so determines, then the claim is a candidate for dismissal as frivolous under § 1915(d).[0]

The court must next determine whether the litigant has a meaningful nonmonetary interest at stake under the claim, such that service of the complaint and an allocation of the court's resources for its adjudication is warranted, despite the fact that the claim is economically trivial.  If, in addition to finding that the amount of damages in controversy is less than the court costs and filing fees, the court is satisfied that there is no other meaningful interest at stake, then the suit is frivolous within the meaning of § 1915(d).

The relevant guidepost for a district court is whether a reasonable paying litigant would have paid the court costs and filing fees to bring the same claim.  We do not, however, confine the courts to rigid formulae when determining whether a claim is sufficiently "meaningful" to survive dismissal as frivolous.  Cf.

---

damages should be of no moment when a district court inquires as to whether a claim is economically trivial.  See Butz v. Economou, 438 U.S. 478, 507, 98 S. Ct. 2894, 57 L.Ed.2d 895 (1978) ("Insubstantial lawsuits can be quickly terminated by federal courts alert to the possibilities of artful pleading.")
[0] Related litigation expenses (e.g., attorney's fees, the threat of sanctions), which along with court costs and filing fees enhance the economic disincentive for the paying litigant, must not be considered in determining whether the amount in controversy under the claim is economically trivial.  The in forma pauperis statute is concerned only with clearing the hurdle created by court costs and filing fees.  Denton, 504 U.S. at 27 (Section 1915 "allows an indigent litigant to commence a civil or criminal action in federal court without paying the administrative costs of proceeding with the lawsuit."); Neitzke, 490 U.S. at 324.  Accordingly, a court must not factor in other litigation expenses when making this initial determination.

23

Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993) ("Section 1915(d) gives district courts broad discretion to determine whether appointment of counsel is warranted, and the determination must be made on a case-by-case basis."), cert. denied, ___ U.S. ____, 114 S. Ct. 1306, 127 L.Ed.2d 657 (1994). Nevertheless, the courts should be cognizant of several considerations.

We recognize emotions are intensified in the insular life of a correctional facility and that prisoners often must rely on the courts as the only available forum to redress their grievances, even when those grievances seem insignificant to one who is not so confined. A court must therefore take into account the unique nature of each claim presented and the extent to which the claim is "meaningful" to one in the litigant's situation. Hence, in determining whether a claim is meaningful, a court must protect the right of indigent persons to have access to the courts. See In re Oliver, 682 F.2d 443, 446 (3d Cir. 1982).

A court must also consider whether the litigant is filing the litigation to pursue a non-meaningful activity, such as harassment or entertainment, or merely to hone litigation skills. See Cruz v. Beto, 405 U.S. 319, 326-327, 92 S. Ct. 1079, 1084, 31 L.Ed.2d 263 (1972) (per curiam) (Rehnquist, J., dissenting) ("[Inmates are] in a different litigating posture than persons who are unconfined. The inmate stands to gain something and lose nothing from a complaint stating facts that he is ultimately unable to prove. Though he may be denied legal relief, he will nonetheless have obtained a short sabbatical in

24

the nearest federal courthouse.") (footnotes omitted); <u>Lumbert v. Illinois Dep't of Corrections</u>, 827 F.2d 257, 259 (7th Cir. 1987) ("the problem of [frivolous litigation] is even more acute when the indigent plaintiff is a prison inmate, because the costs of a prisoner's time are very low."); <u>Savage v. Central Intelligence Agency</u>, 826 F.2d 561, 563-64 (7th Cir. 1987) ("No rational system of government burdens its highest courts with a class of litigation dominated by petty cases typically brought for their nuisance value by persons on whose hands time hangs heavy.").

In sum, a court must balance the equities and dismiss the claim only if it is satisfied that the claim is of little or no weight, worth, or importance; not worthy of serious attention; or trivial. We do not intend to exhaust the considerations relevant to assessing whether a claim is trivial. We are confident that the district courts will be able to weigh the contending equities, exercise their discretion, and identify those claims that properly survive this frivolousness inquiry. See <u>Denton</u>, 504 U.S. at 33 ("[F]rivolousness is a decision entrusted to the discretion of the court entertaining the <u>in forma pauperis</u> petition," and reviewed only for abuse of that discretion employed in sorting the wheat from the chaff.).

Finally, we emphasize that our holding should not be construed to derogate a court's obligation to consider a pro se complaint liberally. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L.Ed.2d 245 (1972) (per curiam). Moreover, we are not suggesting that a complaint's factual contentions should not be weighed in the plaintiff's favor. <u>Denton</u>, 504 U.S. at 32.

25

Indeed, we stress that, if a court is in doubt as to whether the actual amount in controversy is economically trivial, or in doubt as to whether the claim is meaningful, then the plaintiff must be given the benefit of that doubt, for we do not intend that courts use monetary worth as an excuse to brush legitimate grievances aside.

V.

Reading Deutsch's pro se complaint with the requisite latitude, we agree with the district court that his claim against the United States is appropriately considered under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680 (1988). Cognizable claims under the FTCA include those that are

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, ... [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b); Federal Deposit Ins. Corp v. Meyer, ___ U.S. ____, ____, 114 S. Ct. 996, 1001, 127 L.Ed.2d 308 (1994) (claim against United States is cognizable under the FTCA if it alleges the six elements outlined above). Before commencing an action under the FTCA, a claimant must have first presented the claim, in writing and within two years after its accrual, to the appropriate federal agency, and the claim must have been denied. 28 U.S.C. §§ 2401(b), 2675(a). To be properly presented to the federal agency, the damages claim must be for a sum certain. 28

26

C.F.R. § 14.2(a) (1987). The requirements that a claimant timely present a claim, do so in writing, and request a sum certain are jurisdictional prerequisites to a suit under the FTCA. Corte-Real v. United States, 949 F.2d 484, 485-86 (1st Cir. 1991) (citations omitted).

Deutsch alleged that he submitted his claim to a federal agency for consideration, and that the agency declined to offer a settlement. Weighing Deutsch's allegations in his favor for purposes of a § 1915 analysis, it appears that he satisfied the FTCA exhaustion requirement. A review of the complaint also suggests that the six elements for a cognizable FTCA claim are present. See Meyer, 114 S. Ct. at 1001. Deutsch's claim is against the United States for money damages, and he has accused several prison guards, presumably government actors, of committing the alleged wrong while acting in the scope of their employment. Significantly, the FTCA does not set a minimum required amount in controversy that must be sought as relief in order to maintain jurisdiction. Free v. United States, 879 F.2d 1535, 1536 (7th Cir. 1989). Therefore, it appears that Deutsch has a claim that, on its face, is cognizable in federal court under the FTCA.

Deutsch's claim is, however, frivolous beyond question within the meaning of § 1915 (d), and he must pay the court costs and filing fees if he wishes to file it. First, the amount of damages in controversy under the complaint is $4.20, an amount less than the $120 payment required for the court costs and filing fees. Second, irrespective of the trivial amount in

27

controversy, the allegations proffered in the complaint suggest that there are no interests at stake beyond the recovery of the $4.20; hence, there is no other meaningful interest at stake. We are satisfied that Deutsch's claim is undoubtedly one that the reasonable paying litigant would not file.

We find that several facts contribute to a determination that this claim is trivial. Preliminarily, Deutsch's complaint should cause a district court to wonder whether Deutsch is interested in recovering the damages requested, or whether he is simply honing his already overused litigation skills. See note 4, supra. In addition, an opinion by the Seventh Circuit's Court of Appeals provides an enlightening discussion of Deutsch's past litigation experiences. See note 2, supra.

Aside from the fact that we are satisfied that Deutsch's claim lacks meaning to him as a frequent filer of frivolous complaints, we find that a court's obligation to guard its resources counsels dismissal of this claim. Indeed, this claim lacks meaning from the court's point of view such that dismissal would be warranted even if the claim were brought by a litigant who had never before filed an in forma pauperis suit in federal court. Significantly, the reasonable paying litigant would not find justification for the expense of filing suit in a moral or other non-monetary victory over the defendant. The appellant is no longer incarcerated at the facility where the alleged wrong occurred, and, quite obviously, he has another pen. Moreover, the public simply should not be paying for an indigent

28

litigant to pursue in federal court a claim that the paying litigant is practically barred from pursuing. Although we will not establish a bright line for determining when a claim seeking an amount of damages that is insufficient to warrant forgiveness of the court costs and filing fees, we find that this claim for $4.20 is certainly insufficient.

In sum, Deutsch may seek to recover for the loss of his pens by pursuing remedies afforded by the prison and the agencies of the federal government. After exhausting those remedies, however, Deutsch will have to pay court costs and filing fees if he wishes to sue for his loss in federal court because his claim is "frivolous" under § 1915(d). We note that the district court's dismissal of Deutsch's complaint under § 1915(d) did not preclude his filing a paid complaint making the same allegation. See Denton, 504 U.S. at 34.

## VI.

Deutsch's motion for leave to appeal in forma pauperis will be granted. However, for the foregoing reasons, the district court's order will be summarily affirmed.