

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2008

# Davila-Bajana v. Sherman

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4650

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Davila-Bajana v. Sherman" (2008). *2008 Decisions.* Paper 1164.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1164

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-184                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4650
_____

JUAN DAVILA-BAJANA,
                                                    Appellant

v.

JAMES F. SHERMAN, (EX) WARDEN; RODNEY SMITH, HEALTH SERVICES
ADMINISTRATOR; DENNIS OLSON, MEDICAL DOCTOR; D. SCOTT DODRILL,
REGIONAL DIRECTOR; HARRELL WATTS, ADMINISTRATOR; UNITED
STATES OF AMERICA, IN THEIR INDIVIDUAL AND PROFESSIONAL
CAPACITIES

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 06-cv-197-E)
District Judge:  Honorable Sean J. McLaughlin

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 17, 2008

Before: BARRY, CHAGARES and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 21, 2008)
_____

OPINION
_____

PER CURIAM

        Juan Davila-Bajana, a federal inmate proceeding pro se, appeals from the District

Court's order granting the defendants' motion to dismiss or, in the alternative, motion for summary judgment. Because this appeal does not present a substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Davila-Bajana is, and at all relevant times was, incarcerated at the Federal Correctional Institution at McKean, Pennsylvania ("FCI-McKean"). In October 2003, Davila-Bajana injured a toe while playing handball at the prison. Prison medical staff examined the toe, took x-rays, and diagnosed him with a "strain/sprain." (Decl. of Dennis Olson, M.D., at ¶ 3, Dist. Ct. Dkt. No. 15-6.) Over the course of the following four months, prison medical staff treated Davila-Bajana for his injury on numerous occasions by, for example, taping the toe, prescribing anti-inflammatory medications, and providing gel-pads and band-aids. In February 2004, prison medical staff referred Davila-Bajana to an orthopedic surgeon who diagnosed him with a "hammertoe deformity."[1] The surgeon gave Davila-Bajana a cortisone injection, recommended Motrin for the discomfort, and taught him several stretching exercises. The surgeon indicated that if the deformity

---

[1]Dr. Olson, the Clinical Director at FCI-McKean, defined Davila-Bajana's condition as follows:

> Hammertoe is a toe that's curled due to a bend in the middle joint of a toe. Hammertoe can cause the toe to press against the top of the toe box of the shoe, causing pain and pressure. In addition, pain may result from a hard growth of skin (corn) on the top of the toe that can form where the toe rubs against the shoe. Pain may also result from calluses that develop under the tip of the toe or on the ball of the foot.

(Decl. of Dennis Olson, M.D., at n.3, Dist. Ct. Dkt. No. 15-6.)

persisted, Davila-Bajana may need surgical correction.

Prison medical staff continued to treat the injured toe on a monthly basis. During this time, Davila-Bajana complained that he was not receiving adequate medical attention and that his condition required surgical intervention. As a result, in September 2004, he was referred for another orthopedic consultation to determine whether surgery was necessary. Because the orthopedic surgeon who had originally examined Davila-Bajana was no longer available, he saw a different surgeon. This second surgeon diagnosed him with hammertoe, Morton's foot (an inflamed nerve in the ball of the foot), a long second toe, and osteoarthritis in the big toe. The surgeon recommended that Davila-Bajana wear a longer shoe with a metatarsal bar to relieve the pain, and noted that this solution would be "a lot easier than doing surgery." Accordingly, prison medical personnel provided Davila-Bajana with two metatarsal bars. Dr. Olson, the Clinical Director at FCI-McKean, concluded that these non-surgical accommodations were sufficient because there was "no clinical indication that corrective foot surgery [was] medically necessary." (Id. ¶ 8.) Nonetheless, Davila-Bajana continued to demand surgical intervention.

In September 2006, Davila-Bajana commenced a civil rights action under 42 U.S.C. § 1983 in the U.S. District Court for the Western District of Pennsylvania concerning the allegedly inadequate medical treatment he received for his toe injury. The complaint named as defendants: Dr. Olson; Rodney Smith, Health Services Administrator; James Sherman, Warden; Scott Dodrill, the Regional Director of the

3

Northeast Regional Office of the Bureau of Prisons; Harrell Watts, Administrator of the Office of General Counsel of the Bureau of Prisons; and the United States of America. In the complaint, Davila-Bajana alleged that: (1) the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment; and (2) the United States is liable to him under the Federal Tort Claims Act ("FTCA") for its negligent implementation of prison policy and negligent training of prison employees.[2] Davila-Bajana sought injunctive relief as well as money damages.

On January 8, 2007, the defendants filed a motion to dismiss or, in the alternative, motion for summary judgment. The matter was referred to a Magistrate Judge who recommended that the court grant the motion. The District Court agreed and, by order entered December 4, 2007, adopted the Magistrate Judge's report and recommendation and dismissed Davila-Bajana's complaint. The present appeal followed.[3]

### A. The Eighth Amendment Claim

Upon review, we conclude that the District Court's dismissal of Davila-Bajana's Eighth Amendment claim was proper. First, the District Court properly concluded that there was an insufficient evidentiary basis on which a reasonable jury could find in Davila-Bajana's favor on his Eighth Amendment claims against Dr. Olson and Administrator Smith. The conditions under which deprivation of medical treatment

---

[2]The complaint also contained a claim for retaliation under the First Amendment, but Davila-Bajana later withdrew this claim.

[3]We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

4

violates a prisoner's Eighth Amendment rights are well established; only "unnecessary and wanton infliction of pain" or "deliberate indifference to the serious medical needs" of prisoners are sufficiently egregious to rise to the level of a constitutional violation. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Allegations of negligent treatment are medical malpractice claims, and do not trigger constitutional protections. Id. at 105-06. "[M]ere disagreement as to the proper medical treatment" is also insufficient. Monmouth County Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987).

The crux of Davila-Bajana's Eighth Amendment claim is that the prison's course of treatment was too conservative; according to Davila-Bajana, the prison medical staff inappropriately "substituted their decision in lieu of the specialist's prescription [for surgical correction]." (Compl. at ¶ 25-26.) These allegations do not support a constitutional violation. See, e.g., White v. Napolean, 897 F.2d 103, 110 (3d Cir. 1990) ("Certainly, no claim is presented when a doctor disagrees with the professional judgment of another doctor. There may, for example, be several ways acceptable to treat an illness."). Furthermore, as the Magistrate Judge explained, the medical records reveal that Davila-Bajana was under continuous care for over two and one-half years for his toe injury. Therefore, the District Court correctly concluded that Dr. Olson and Administrator Smith were entitled to summary judgment on Davila-Bajana's Eighth Amendment claim against them.

We also agree with the District Court that Davila-Bajana failed to state a claim

against defendants Sherman, Dodrill and Watts. Davila-Bajana alleged that these officials were responsible for his medical treatment because they reviewed the administrative grievances he filed concerning his medical care, and were otherwise responsible for the general care and custody of the prisoners. A non-medical prison administrator cannot, however, become responsible for medical treatment solely by virtue of reviewing an inmate grievance. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) (holding that, absent a reason to believe that prison doctors are mistreating a prisoner, a non-medical prison official will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference); Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) (granting summary judgment to non-medical prison officials whose involvement with prisoner's healthcare was limited to failing to respond to prisoner's letters explaining his predicament). Furthermore, it is well established that liability under section 1983 cannot be predicated solely on a theory of respondeat superior. See Rizzo v. Goode, 423 U.S. 362, 376 (1976). Therefore, we conclude that the District Court correctly dismissed Davila-Bajana's Eighth Amendment claim against these defendants.

B.    The FTCA Claim

We also agree with the District Court that it lacked jurisdiction over Davila-Bajana's negligence claim against the United States. In the complaint, Davila-Bajana alleged that the United States was liable under the FTCA for the negligent implementation of prison policy and employee training. However, in order for the

6

District Court to exercise jurisdiction over this FTCA claim, Davila-Bajana must have first presented the claim, in writing and within two years after its accrual, to the appropriate federal agency.  See 28 U.S.C. § 2401(b), 2675(a); Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995).  Davila-Bajana failed to do so.  Although the record reflects that Davila-Bajana did attempt to file an administrative tort claim concerning his medical care, he never initiated an administrative claim alleging negligent implementation of policy and/or employee training. (Defs.' Mot. to Dismiss, Ex. 1c, at Dist. Ct. Dkt. No. 15-5.)  Therefore, the District Court properly found that it lacked jurisdiction to hear this claim.[4]

Accordingly, as there is no substantial question presented by this appeal, we will summarily affirm.  See Third Cir. LAR 27.4; I.O.P. 10.6.

---

[4]In light of our conclusion that the District Court properly dismissed Davila-Bajana's complaint, we find that the District Court properly denied as moot Davila-Bajana's motions for preliminary injunction and funds for expert witness.