ALD-077                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3406
_____

IN RE: LORNA KELLAM,
                                                    Petitioner

_____

On Petition for a Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D.C. Civ. No. 1-15-cv-00802)
District Judge:  Honorable Leonard P. Stark

_____

Submitted pursuant to Rule 21, Fed. R. App. P.
December 10, 2015

Before:  AMBRO, SHWARTZ and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 15, 2016)
_____

OPINION<sup>*</sup>
_____

PER CURIAM

     Lorna Kellam, proceeding pro se and in forma pauperis ("IFP"), has filed a

petition for a writ of mandamus requesting that this Court vacate the District Court's

order denying her IFP application and referring her case to the United States Bankruptcy

Court.  For the following reasons, we will deny the requested relief.

_____

<sup>*</sup> This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In September 2015, Kellam filed a motion to proceed IFP and a notice of removal before the District Court. Although Kellam initially stated that she wanted the District Court to exercise jurisdiction over a state court action, her removal notice made clear that she sought to remove an action that was proceeding in the United States Bankruptcy Court. Kellam's motion to proceed IFP stated that her monthly income was $1400, and that her monthly expenses were $1106.50.

On September 21, 2015, the District Court issued an order that: (1) denied Kellam's IFP motion based on her annual income; and (2) referred the matter to the United States Bankruptcy Court as related to In re: Lorna Kellam, Debtor, D. Del. Bankr. No. 15-11235-BLS based on the District Court's Amended Standing Order of Reference.[1] Kellam then filed the current petition for a writ of mandamus. She requests that this Court vacate the District Court's order, which she states violated her rights.

Mandamus is a drastic remedy available only in the most extraordinary situations. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). As preconditions to the issuance of the writ, the petitioner must establish that the writ will not be used as a substitute for the regular appeals process, that there is no alternative remedy or other adequate means to obtain the relief desired, and that the right to relief is "clear and

___

[1] The Amended Standing Order of Reference is based on 28 U.S.C. § 157(a), and in relevant part provides that "any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges for this district."

indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c). Kellam's petition does not meet these requirements.

First, the District Court has discretion to determine whether to grant IFP, see United States v. Holiday, 436 F.2d 1079, 1079 (3d Cir. 1971), and Kellam has made no argument that the District Court abused its discretion by determining that she was not eligible to proceed IFP due to her finances, see Deutsch v. United States, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995) (stating that leave to proceed IFP "is based on a showing of indigence"). Second, Kellam has not demonstrated that the District Court abused its discretion by referring the case to the Bankruptcy Court as related to her proceedings before that court. See In re Resorts Int'l, Inc., 372 F.3d 154, 162 (3d Cir. 2004) ("The district courts' power to refer is discretionary, but courts routinely refer most bankruptcy cases to the bankruptcy court.") (quotation marks omitted); 28 U.S.C. § 157. Kellam argues that the District Court's referral to the Bankruptcy Court was improper because it was based on the denial of her IFP application and because the District Court did not engage in any fact finding. These arguments do not establish a "clear and indisputable" right to relief, and instead represent a misreading of the order—which was based on the Amended Standing Order—and the law.

Kellam has thus not satisfied the standard for obtaining mandamus, and her petition is denied.