**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1326
_____

JAMIE ELLIOTT,
                              Appellant

v.

POINT BREEZE STATION MAIL DEPARTMENT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2-17-cv-00257)
District Judge:  Honorable Michael M. Baylson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 25, 2017
Before:  SHWARTZ, COWEN and FUENTES, Circuit Judges

(Opinion filed: September 28, 2017)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Jamie Elliott, proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania dismissing his complaint and an order denying his motion for reconsideration. For the reasons that follow, we will affirm the judgment of the District Court.

Elliott filed a complaint against the "Point Breeze Station Mail Department" located at 2500 Snyder Avenue in Philadelphia, a United States Post Office, seeking money damages. The factual allegations in the complaint are unintelligible. Elliott avers that, in 2011, "mail errors, has complaints from state representative office the hold block names are on complaint." Compl. at 3. He appears to claim violations of his property rights, his due process rights, and his right to be free from cruel and unusual punishment.

The District Court granted Elliott's motion to proceed in forma pauperis and dismissed his complaint. The District Court explained that it may sua sponte dismiss a complaint under Federal Rule of Civil Procedure 8(a), which requires a short and plain statement of a claim showing that the pleader is entitled to relief, if the complaint is unintelligible and its substance cannot be discerned. The District Court also stated that it must dismiss an in forma pauperis complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) if the complaint is frivolous or fails to state a claim. The District Court concluded that it did not appear that Elliott had "a timely, plausible basis for a non-frivolous claim." Memorandum at 2. Based on the complaint and Elliott's filings in other actions, the District Court ruled that amendment of the complaint would be futile.

2

Elliott filed a motion for reconsideration. He asserted that his complaint was based on the fact that the mail station does not put his mail in a legal mail box and always delivers the mail late. The District Court denied the motion. The District Court explained that, to the extent Elliott sought to bring claims based on errors in the delivery of his mail, there is no legal basis for such claims because the waiver of sovereign immunity under the Federal Tort Claims Act does not apply. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the dismissal of a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and over a dismissal for frivolousness pursuant to § 1915(e)(2)(B)(i) to the extent the District Court applied legal precepts. See Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). We otherwise review the District Court's dismissal order for abuse of discretion. See id. See also In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996) (dismissal under Rule 8). We generally review the denial of a motion for reconsideration for abuse of discretion. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). A denial predicated on an issue of law is reviewed de novo. Id.

Elliott has not developed any arguments on appeal as to how the District Court erred in dismissing his complaint. We need not address all of the grounds noted by the District Court in support of dismissal as we find no error to the extent the complaint was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. The factual basis set forth in the complaint for Elliott's claims is

3

indecipherable and insufficient to state a plausible claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"). We also find no error in the District Court's dismissal of the complaint without leave to amend where the complaint did not suggest that Elliott might be able to plead a plausible claim. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002) (a plaintiff is entitled to amend a complaint that fails to state a claim unless amendment would be inequitable or futile).

The District Court also did not err in denying Elliott's motion for reconsideration. As noted above, Elliott stated that his complaint was based on a failure to place his mail in the mail box and on late mail delivery, but, as recognized by the District Court, the Postal Service has federal sovereign immunity absent a waiver, and the waiver to immunity under the Federal Tort Claims Act does not apply to such claims. See 28 U.S.C. § 2680(b) (excepting from waiver claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."); Dolan v. U.S. Postal Serv., 546 U.S. 481, 484-85 (2006) (addressing Postal Service's sovereign immunity). Elliott asserts in his brief that his constitutional rights were violated and cites cases addressing the regulation of, and interference with, prisoner mail, but he has not shown that these cases have any application here.

4

Accordingly, we will affirm the judgment of the District Court.[1]

---

[1]Elliott's motion for a hearing, which may be construed as a request for oral argument, is denied. His motion for compensatory and punitive damages and other relief is also denied.