

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-12-2007

# Travillion v. Coffee

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1873

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Travillion v. Coffee" (2007). *2007 Decisions.* Paper 449.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/449

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1873

_____

JAMAR L. TRAVILLION,

Appellant

v.

TERESA COFFEE, Head Director of Operations of Air Mart in
the A.C.J.; ARAMARK CORRECTIONAL SERVICES, INC.
Allegheny County Jail Operation

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. No. 04-cv-00911)
District Judge: Honorable David S. Cercone

_____

Submitted under Third Circuit LAR 34.1(a)
July 3, 2007

Before: BARRY, CHAGARES and ROTH, <u>Circuit Judges</u>

(Opinion Filed September 12, 2007)

_____

O P I N I O N

_____

**PER CURIAM**

Plaintiff Jamar L. Travillion appeals *pro se* from an order of the United States District Court for the Western District of Pennsylvania granting summary judgment in favor of defendant Aramark Correctional Services, Inc. We will **affirm**.

In his civil rights complaint, Travillion alleges that Aramark Correctional Services, Inc. (hereinafter "Aramark"), a company he contends oversees food preparation and commissary needs for the Allegheny County Jail, violated the First, Fourteenth, and Eighth Amendments when Aramark served vegetarian meals to all of the inmates at the jail during Lent in 2004. Travillion, a Protestant, alleges that the provision of meatless meals forced him to practice a religious tenet of Catholicism. He further contends that in order to avoid the practice of Catholicism, he was forced to "hunger strike" on seven different days in 2004. For his perceived injury, Travillion seeks $75,000 in damages.

Aramark did not answer Travillion's complaint. When Travillion subsequently moved for a default judgment at the direction of the District Court, Aramark filed a motion to dismiss or, in the alternative, for summary judgment. In that motion, Aramark contended that Travillion had failed to properly serve Aramark. The District Court denied the motion for default and entered summary judgment in Aramark's favor in accordance with the Magistrate Judge's Report and Recommendation. Travillion's timely appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1]

As a preliminary matter, we observe that the District Court refused to grant Travillion's motion for a default judgment because Aramark had not been properly served with the complaint. The District Court then proceeded to enter summary judgment in Aramark's favor. As proper service is a prerequisite to personal jurisdiction, the District Court should not have entered summary judgment under these circumstances. See Grand Entertainment Group, LTD v. Star Media Sales, Inc., 988 F.2d 476, 492 (3d Cir. 1993) ("A district court's power to assert *in personam* authority over parties defendant is dependent not only on compliance with due process but also on compliance with the technicalities of Rule 4."). However, this error is of no moment here because, as explained below, Travillion's action could have been properly dismissed under 28 U.S.C. § 1915(e)(2)(B), prior to service of process. See 28 U.S.C. § 1915(e)(2)(B).

In order to establish a section 1983 civil rights claim, a claimant must show: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Robb v. City of Philadelphia, 733 F.2d 286, 290-

---

[1] Travillion also named Teresa Coffee, an Aramark employee, in his complaint, but Coffee was dismissed from this action in April 2005 because service was not effectuated upon her as required by Federal Rule of Civil Procedure 4(m). Although not specified by the District Court, such dismissals are ordinarily without prejudice. Because Coffee was never served with the Complaint, she did not become a party to this case, and therefore the District Court's order entering summary judgment in favor of Aramark is final and appealable. See U.S. v. Studivant, 529 F.2d 673, 674 n.2 (3d Cir. 1976).

3

91 (3d Cir. 1984) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)). Although the District Court failed to establish whether or not Aramark was a state actor, we will assume, without deciding, for purposes of this appeal, that Aramark was acting under color of state law when it served vegetarian meals at the Allegheny County Jail. The question then becomes whether Aramark's actions deprived Travillion of a right, privilege or immunity secured by the Constitution. For the following reasons, we conclude that Aramark's actions did not deprive Travillion of any constitutional right.

## I. Establishment Clause Claim

Travillion alleges that Aramark violated the Establishment Clause of the First Amendment of the United States Constitution by serving all of the inmates at the Allegheny County Jail vegetarian meals during the 2004 Lent season. This contention is without merit. Under Lemon v. Kurtzman, 403 U.S. 602, 612-13 (1971), an action challenged under the Establishment Clause is unconstitutional if (1) it lacks a secular purpose, (2) its primary effect either advances or inhibits religion, or (3) fosters an excessive entanglement of government with religion. See also Modrovich v. Allegheny County, Pennsylvania, 385 F.3d 397, 401 (3d Cir. 2004) (discussing the Lemon test). Here, Aramark's actions had the secular purpose of feeding the inmates. The service of these meals did not have the primary effect of advancing Catholicism or inhibiting other religions, nor did it foster the excessive entanglement of government with religion. As the District Court observed, the eating of a vegetarian repast is not inherently linked to a religious practice. Vegetarian meals are

regularly eaten by many different people on an everyday basis, regardless of their religion.

## II. Equal Protection Claim

Travillion's equal protection claim is likewise without merit. The Equal Protection Clause of the Fourteenth Amendment commands that similarly situated persons be treated alike. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). An equal protection claim can be brought by a "class of one," a plaintiff alleging that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam). There was no improper differential treatment here because, as noted above, all of the prisoners were served vegetarian meals during Lent, irrespective of their religion. Further, Travillion's complaint does not allege that his Protestant faith required him to eat certain types of meals, or that Aramark refused to accommodate his religious dietary needs, while simultaneously accommodating the dietary requirements of other similarly situated inmates.

## III. Eighth Amendment Claim

Travillion also complains that Aramark's actions violated the Eighth Amendment. However, because Travillion was a pre-trial detainee at the time of the actions he complains of, the Eighth Amendment does not apply to him. Instead, Travillion is eligible for protection under the Due Process clause. As discussed above, Travillion claims his constitutional rights were violated when he was served vegetarian meals on eight days during Lent in 2004 and

5

chose to "hunger strike" on those occasions. Travillion's claim of a constitutional injury premised on his own refusal to eat anything when he was served a small number of vegetarian meals is not worthy of serious consideration and merits dismissal under 28 U.S.C. § 1915(e)(2)(B). See Deutsch v. United States, 67 F.3d 1080, 1087 (3d Cir. 1995) (court may focus on whether action is frivolous in the sense that it is of little or no weight, value or importance, not worthy of serious consideration, or trivial). Further, Travillion appears to contend that Aramark is somehow responsible for certain alleged retaliatory actions taken by prison employees (who are not parties to this action) after Travillion complained about the vegetarian meals. Aramark is clearly not liable for the actions of prison staff who are not Aramark employees.

For these reasons, we will affirm the District Court's order.[2] To the extent Travillion attempts to raise any issues for the first time on appeal, we decline to address them.

---

[2] Travillion also appeals from a number of other orders, including an order denying a motion for default judgment, a motion to compel discovery, and a motion under Federal Rule of Civil Procedure 56(f). We are satisfied that the District Court properly resolved these motions.