

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-30-2007

# Amadi v. Fort Dix Health Ser

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3318

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Amadi v. Fort Dix Health Ser" (2007). *2007 Decisions.* Paper 165.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/165

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-45**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3318
_____

OKECHUKWU MUMMEE AMADI,
                                                                 Appellant

v.

FCI FORT DIX HEALTH SERVICES, East, Fort Dix, New Jersey; T CATLETT-
RAMOS, Health Service Administrator; WARDEN ART BEELER; VALENZUELA,
M.D.; LUISA BASILE, MLP Supervisory Physician Assistant; ASSOCIATE WARDEN
DARLENE ALEXANDER (AW); AUGUSTINE FEL, Assistant Health; MLP N.
LORENZO, Physician Assistant; A. MANISCALCO, Officer on duty
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 04-cv-02712)
District Judge:  Honorable Robert B. Kugler
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 8, 2007

Before: SLOVITER, FISHER and HARDIMAN, Circuit Judges

(Filed: November 30, 2007)
_____

OPINION
_____

PER CURIAM

Okechukwu Mummee Amadi appeals from the order of the United States District

Court for the District of New Jersey granting the defendants' motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Because we conclude that the appeal lacks an arguable basis, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.

This case arose out of an alleged incident from March 1997. At that time, Amadi was incarcerated by the Bureau of Prisons ("BOP") at FCI Fort Dix, New Jersey. Amadi claimed that he was prescribed eye drops for an eye infection caused by working at the institution's textile facility. On March 30, 1997, Amadi went to Health Services to refill the prescription, but the physician assistant allegedly gave him "carbamoxide" ear drops instead of the prescribed medicine. After he applied the ear drops to his left eye, he allegedly felt a severe burning pain. According to Amadi, the use of the ear drops resulted in serious and permanent injuries to his eyes, and his medical condition has continued to deteriorate due to willful neglect. Amadi left FCI Fort Dix in 2000, at which time he was transferred the custody of Department of Homeland Security's Immigration and Customs Enforcement ("ICE").

Amadi's initial complaint, executed on June 3, 2004 and received by the District Court on June 7, 2004, named nine defendants. He paid his filing fee, but the District Court ordered the United States Marshal's Service ("USMS") to serve defendants. On March 21, 2005, Amadi filed an amended complaint, which expressly abandoned his claims against four unserved individual defendants, including the physician assistant

2

allegedly responsible for giving him the harmful medication. Therefore, the remaining defendants in this case were FCI Fort Dix Health Services as well as four individual defendants who were allegedly served by the USMS via certified mail: (1) T. Catlett-Ramos; (3) Art Beeler; (4) Luisa Basile; and (5) Darlene Alexander ("Individual Defendants"). Invoking, inter alia, the <u>Bivens</u> doctrine and 42 U.S.C. § 1983, Amadi sought compensatory and punitive damages as well as injunctive and declaratory relief. On December 22, 2005, the District Court denied his motion for default judgment, stating that Amadi had failed to serve the United States Attorney and the Attorney General of the United States pursuant to Federal Rule of Civil Procedure 4(i). Following this ruling, Amadi served both individuals by certified mail.

Defendants moved to dismiss pursuant to Federal Rules of Procedure 12(b)(1), 12(b)(2), and 12(b)(6). On November 15, 2006, the District Court granted the motion as to FCI Fort Dix Health Services and denied it without prejudice as to the Individual Defendants. Liberally construing the amended complaint to include a Federal Tort Claims Act ("FTCA") claim against the United States, the District Court found that it lacked jurisdiction over such a claim because Amadi failed to file the requisite tort notice with the BOP. Vacating its earlier order requiring the USMS to serve process, it directed Amadi to "serve the named [Individual Defendants, in their individual capacities,] in this action within 120 days in accordance with Federal Rule of Civil Procedure 4(m)." (11/15/06 Order at 2.) Amadi then allegedly served the Individual Defendants by certified mail, receiving back apparently executed return receipts.

3

Defendants moved again to dismiss pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) and, in the alternative, for summary judgment under Federal Rule of Civil Procedure 56. The District Court granted the motion to dismiss pursuant Rule 12(b)(2) on July 18, 2007. It found that Amadi failed to serve the Individual Defendants in their individual capacities in a manner consistent with Federal Rule of Civil Procedure 4(i)(2)(B). Amadi accordingly filed a timely notice of appeal, and the Court granted his request to proceed in forma pauperis. He has further requested that counsel be appointed.

### III.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because Amadi is proceeding in forma pauperis, we must review his appeal to determine whether it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). This Court dismisses an appeal on such grounds if it "lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Amadi's appeal lacks such a basis.

The District Court granted the defendants' motion to dismiss as to the Individual Defendants because Amadi allegedly failed to serve them in their individual capacities. See, e.g., Fed. R. Civ. P. 4(i)(2)(B) (stating service of process requirements for "an officer or employee of the United States sued in an individual capacity"). Although the District Court's service of process ruling was arguably incorrect with respect to two of the Individual Defendants,[1] we find that the dismissal was nevertheless proper based on the

---

[1] As the District Court correctly noted, Federal Rule of Civil Procedure 4(i)(2)(B) requires a plaintiff to serve a federal employee named in his or her individual capacity "in

4

statute-of-limitations grounds also raised by defendants. See, e.g., Erie Telecomms. v. City of Erie, 853 F.2d 1084, 1089 & n.10 (3d Cir. 1988) (stating that Court may affirm correct decision on grounds different than those used by district court). Specifically, Amadi's constitutional and tort claims against the Individual Defendants were barred by the applicable, two-year statute of limitations. See, e.g., N.J. Stat. Ann. § 2A:14-2(a); Napier v. Thirty or More Unidentified Fed. Agents, 855 F.2d 1080, 1087 & n.3 (3d Cir. 1988). His claims arose out of an alleged incident from March 1997, which was more than seven years before he executed and filed his initial complaint in District Court.

In the District Court, Amadi claimed that the statute of limitations itself was tolled. However, the "continuing violation" doctrine did not save his otherwise untimely claims because the alleged March 1997 incident constituted a discrete and independently actionable act, thereby immediately triggering the limitations period. See, e.g., O'Connor v. City of Newark, 440 F.3d 125, 129 (3d Cir. 2006) ("If the allegations in [plaintiff's] complaint are discrete, then each gave rise to a cause of action at the time it occurred. That cause of action persisted for two years and then lapsed."). Furthermore, the more

_____

the manner prescribed by [Federal Rule of Civil Procedure] Rule 4(e)." The District Court found that Amadi failed to serve the Individual Defendants pursuant to Rule 4(e), stating that this rule does "not permit service by certified mail." (7/18/07 Opinion at 4.) However, neither the District Court nor the parties mentioned that Rule 4(e)(1) expressly authorizes service "pursuant to the law of the state . . . in which service is effected." Both Catlett-Ramos and Beeler were "served" in North Carolina, and North Carolina law apparently permits service of process "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. Gen. Stat. § 1A-1, R. 4(j)(1)(c).

5

recent misconduct alleged by Amadi did not implicate the Individual Defendants because he has had no contact with either them or FCI Fort Dix since his transfer to ICE custody in 2000. Amadi's alleged attempts to exhaust administrative remedies under Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and unsuccessful requests for compensation under Inmate Compensation Act ("IACA"), 18 U.S.C. § 4126, likewise failed to toll the limitations period. Specifically, his grievances and appeals filed pursuant to the BOP's administrative remedy scheme were apparently resolved by June 2000, but he nevertheless did not commence his civil action for another four years.

In addition to precluding his claims against the Individual Defendants, the statute of limitations also barred any claims by Amadi against either FCI Fort Dix Health Services or the United States. Furthermore, the District Court correctly found that no Bivens-type cause of action for alleged constitutional violations was available against a federal agency.[2] See, e.g., F.D.I.C. v. Meyer, 510 U.S. 471, 477-86 (1994). The sovereign immunity doctrine precludes a federal court from exercising jurisdiction over an FTCA claim against the United States unless the plaintiff presents a notice of tort claim to the relevant federal agency within two years of the underlying claim's accrual. See, e.g., 28 U.S.C. §§ 2401(b), 2675(a); Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995). Amadi never submitted even an untimely notice of tort claim to the BOP.

---

[2] A constitutional claim for damages under Bivens may be maintained only against individual federal agents or employees. See, e.g., Meyer, 510 U.S. at 483-86.

His alleged efforts to exhaust his administrative remedies as required by the PLRA and to obtain compensation under the IACA did not constitute compliance with this fundamental jurisdictional requirement. Therefore, the District Court, liberally construing Amadi's amended complaint as containing an FTCA claim against the United States, properly found that it lacked jurisdiction to hear such a claim.

Finally, the District Court properly denied Amadi's motion for default judgment. At the very least, such a motion was premature given that he had yet to serve the United States as required by Federal Rule of Civil Procedure 4(i). A default judgment would also have clearly been inappropriate given the lack of merit of his underlying claims.[3]

III.

Accordingly, because Amadi's appeal lacks any arguable basis, we will dismiss it pursuant to § 1915(e)(2)(B). We likewise deny his motion for appointment of counsel. See, e.g., Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (stating that, in deciding whether to appoint counsel, court must first determine if case has arguable merit).

---

[3] The District Court also was correct that 42 U.S.C. § 1983, cited by Amadi, had no applicability to claims against a federal agency and federal employees. See, e.g., Brown v. Philip Morris, Inc., 250 F.3d 789, 800 (3d Cir. 2001).