

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-15-2009

# Douris v. Newtown Bor

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4427

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Douris v. Newtown Bor" (2009). *2009 Decisions.* Paper 2028.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2028

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-57                                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4427
_____

JAMES GEORGE DOURIS,
                                                  Appellant

v.

NEWTOWN BOROUGH
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil No. 07-cv-00165)
District Judge:  Honorable R. Barclay Surrick
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
December 18, 2008

Before:  BARRY, AMBRO AND SMITH, Circuit Judges

(Opinion filed: January 15, 2009)
_____

OPINION
_____

PER CURIAM

    James Douris, proceeding pro se, appeals an order of the United States District

Court for the Eastern District of Pennsylvania denying his motion to proceed in forma

1

pauperis. We will affirm the order of the District Court.

Douris filed a motion to proceed in forma pauperis in District Court in connection with an employment discrimination action against Newtown Borough. In his in forma pauperis motion, Douris stated that he had not been employed since 1994, that he was disabled, that he had no income or cash, and that he owned half of a house valued at $100,000 and half of a car valued at $500.

The District Court denied Douris's motion to proceed in forma pauperis, stating that Douris appeared to qualify financially for such status, but concluding that Douris's frequent filings in federal court constituted an abuse of the system and "extreme circumstances" that justified denying in forma pauperis status. The District Court noted that this was Douris's eleventh lawsuit in the Eastern District of Pennsylvania since 1999, that all of his lawsuits had lacked merit, and that significant time and resources had been spent on Douris's claims. The District Court ordered Douris to pay the filing fee within 20 days or his action would be dismissed. This appeal followed.[1]

This appeal was initially stayed pending the disposition of Douris v. Middletown Township, et al., C.A. Nos. 07-1101 and 07-2707, another case in which the District Court denied Douris in forma pauperis status based on abusive filings. We held in Middletown Township that the District Court did not err in denying Douris in forma

---

[1] We grant Douris's motion to proceed in forma pauperis for the purpose of this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291. Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).

pauperis status on this basis. <u>Douris v. Middletown Township, et al.</u>, 2008 WL 4195150, *2 (3d Cir. Sept. 15, 2008) (unpublished opinion). We agreed with the District Court that Douris's filings were abusive and constituted "extreme circumstances" warranting an exception to the rule that leave to proceed <u>in forma pauperis</u> is based on a showing of indigence. <u>Id.</u> We noted that Douris had repeatedly and unsuccessfully filed lawsuits claiming civil rights violations, and that his lawsuits had required the expenditure of significant judicial resources. <u>Id.</u>[2]

Douris was given the opportunity to address the effect of <u>Middletown Township</u> on his present appeal. Douris, however, argued the merits of his complaint, stating that he had alleged that Newtown Borough intentionally discriminated against him by failing to provide handicap access to a Borough building, thereby precluding him from applying for employment as Borough secretary. Douris did not address the denial of his motion to proceed <u>in forma pauperis</u> based on his abusive filings in federal court. For the same reasons stated in <u>Middletown Township</u>, the District Court did not err in denying Douris <u>in forma pauperis</u> status.

Accordingly, because this appeal does not raise a substantial question, we will

---

[2]We also noted in <u>Middletown Township</u> that there may be little practical effect to a litigant when <u>in forma pauperis</u> status is denied based on an abuse of the system. When a litigant is granted <u>in forma pauperis</u> status based on indigence, the district court may dismiss the complaint if it is frivolous or malicious under § 1915(e)(2)(B). <u>See</u> <u>Sinwell</u>, 536 F.2d at 18-19. Like the denial of <u>in forma pauperis</u> status, a dismissal under § 1915(e)(2)(B) is without prejudice to the filing of a paid complaint. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992).

affirm the order of the District Court.[3]

---

[3]Douris has filed a document in this Court entitled "Deception Before the Court By Attorney." To the extent Douris requests that the Court take disciplinary action against counsel for the Appellee based on counsel's entry of appearance, Douris's request is denied.