OPINION
PER CURIAM.
Dmitri Gorbaty, proceeding in forma pauperis, appeals from the order of the United States District Court for the District of New Jersey dismissing his civil complaint. For the reasons that follow, we will affirm summarily.
I.
On or about February 8, 2009, Gorbaty received two “Cancellation of Debt” notices on Internal Revenue Service (“IRS”) form 1099-C, from Portfolio Recovery Associates, LLC (“Portfolio”). The notices contained a description of the cancelled debt, the date the debt was cancelled, and the amount. The notices also informed Gorbaty that the IRS may impose a negligence penalty or other sanction if the can-celled debt is not accurately reported as taxable income. On February 16, 2009, Gorbaty sent a letter to Portfolio disputing the financial obligations reported on the 1099-C forms, and requesting verification of the alleged debt. Gorbaty never received any response from Portfolio, and thereafter, engaged the services of a certified public accountant for advice and counsel. On May 20, 2009, Dmitri Gorbaty filed suit against Portfolio in the United States District Court for the District of *581 New Jersey, for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (“FDCPA”).
On July 21, 2009, 2009 WL 2222924, pursuant to its screening authority under 28 U.S.C. § 1915(e)(2)(B)(ii), the District Court entered an order dismissing Gorbaty’s complaint for failure to state a claim. Gorbaty filed a timely notice of appeal on August 6, 2009. Fed. R.App. P. 4(a)(1).
II.
We have jurisdiction over this appeal under 28 U.S.C. § 1291.[1] Our review over the District Court’s sua sponte dismissal of Gorbaty’s complaint for failure to state a claim is plenary. See Allah v. Seiverling, 229 F.3d 220, 222 (3d Cir.2000). To state a claim, the plaintiffs factual allegations “must be enough to raise a right to relief above the speculative level.” Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is more than merely speculative when the factual content alleged “allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” Ashcroft v. Iqbal, - U.S. -, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). We may take summary action if the appeal presents no substantial question. See 3d Cir. L.A.R. 24.7; I.O.P. 10.6.
III.
Gorbaty claims that in sending the 1099-C forms and failing to verify their contents, Portfolio violated sections 1692e, 1692f, 1692g, and 1692j of the FDCPA. Section 1692e prohibits debt collectors from using any false, deceptive, or misleading means in connection with the collection of a debt. Similarly, § 1692f prohibits a debt collector from using unfair or unconscionable means to collect a debt. Section 1692j makes it unlawful to furnish any form to a consumer, knowing that form would be used to create a false belief that a person other than the creditor of that consumer is participating in the collection of a debt. Section 1692g requires that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall send the consumer a written notice of the amount of the debt, the name of the creditor to whom the debt is owed, and a statement informing the consumer how to dispute or request verification of the debt.
A “threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a ‘debt.’ ” Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1167 (3d Cir.1987) (emphasis added). Although Gorbaty alleges that Portfolio is a debt collector as defined by 15 U.S.C. § 1692a(6), there is no allegation that Portfolio was seeking the payment of any money in connection with the cancelled debt, or ever made any attempt to collect a debt from Gorbaty. See Piper v. Portnoff Law Assocs., Ltd., 396 F.3d 227 (3d Cir.2005) (holding that a communication was used in an attempt to collect a debt where it clearly demanded payment in satisfaction of a debt). Nor has Gorbaty offered any facts to support his allegations that Portfolio used false, unconscionable, or deceptive forms in the collection of a debt. Although Gorbaty may object to the 1099-C forms he received, we agree with the District Court that the mailing and receipt of a Cancellation of Debt notice by itself, without any indication that the notice was used in con *582 nection with the collection of a debt, does not state a claim for a violation of the FDCPA.
Gorbaty argues that in acquiring alleged consumer debt and then canceling it in order to receive tax benefits from the IRS, Portfolio is acting indirectly as a debt collector subject to the FDCPA. He analogizes Portfolio’s debt collection methods to the garnishing of wages: Portfolio collects a tax benefit from the IRS, which the IRS will collect' as a tax liability from Gorbaty. This argument, however, ignores the distinction between post-debt conduct, which is not protected by the FDCPA, and conduct “in connection with the collection of any debt,” which is protected. 15 U.S.C. § 1692g. When a debt is cancelled, there is no debt and there can be no debt collection. Portfolio’s actions, as alleged, cannot be deemed to be “in connection” to a present debt collection proceeding based on any reasonable reading of the complaint.[2]
Accordingly, we agree with the District Court’s analysis of Gorbaty’s claims, that they failed as a matter of law to state a claim. We will affirm the judgment of the District Court.

. Although the District Court dismissed Gorbaty’s complaint without prejudice, the District Court's dismissal of an in forma pauperis complaint under 28 U.S.C. § 1915 is "in essence” final. Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir.1995).

. We note that, even though Portfolio's alleged conduct regarding the 1099-C forms is not actionable under the FDCPA, Gorbaty is not without remedy. If Gorbaty’s allegations are true, that the 1099-C forms contain false information, Gorbaty may dispute the amount of cancelled debt with the IRS to reduce his unwanted tax liability, or bring suit against Portfolio under alternative provisions of law.