GLD-062                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 10-3332 & 10-3333 (Consolidated)
_____

BARRY P. GROVES; THERESA F. GROVES;
SYLVAN-WHITTLE REAL ESTATE


v.


MASON L. WILSON; TAMESH WILSON,
                    Mason L. Wilson, Appellant in No. 10-3332

_____


MASON L. WILSON; TAMESH WILSON,
                    Mason L. Wilson, Appellant in No. 10-3333


v.


BARRY P. GROVES; THERESA F. GROVES;
SYLVAN-WHITTLE REAL ESTATE

_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Nos. 10-cv-00165 & 10-cv-00166)
District Judge:  Honorable Kim R. Gibson

_____


Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 9, 2010
Before:  AMBRO, CHAGARES and NYGAARD, Circuit Judges

(filed: December 15, 2010 )

_____

OPINION

_____

PER CURIAM

Appellant Mason L. Wilson, proceeding pro se, has appealed from an order

entered in two District Court cases dismissing his notice of removal and complaint for

lack of subject matter jurisdiction.  The appeals have been consolidated for all purposes.

For the reasons that follow, we will dismiss both appeals pursuant to 28 U.S.C.

§ 1915(e)(2).

Both of these appeals stem from two judgments entered against Mason and

Tamesh Wilson, each in the amount of $1667.54, by the Cambria County Magisterial

District Court, in connection with a landlord-tenant dispute.  After the judgments were

entered and an appeal had been initiated in state court, the Wilsons filed a motion to

proceed in forma pauperis ("IFP") and a notice of removal in the United States District

Court for the Western District of Pennsylvania.  That case was docketed as Civil No. 10-

cv-00165 (W.D. Pa.).  The Wilsons simultaneously filed a motion to proceed IFP and a

proposed complaint, which was docketed as Civil No. 10-cv-00166 (W.D. Pa.).  In the

complaint, they alleged causes of action under 42 U.S.C. §§ 1981, 1983 & 1985.

The District Court dismissed the notice of removal and complaint for lack of

subject matter jurisdiction.[1]   The Court held that the Wilsons were improperly attempting to use the removal mechanism to appeal a state court judgment to federal court.  As judgment had already been entered against them, the Court explained that it was too late to initiate removal proceedings.  The Court also held that it lacked subject matter over the substance of the complaint.

Removal from state to federal court is proper only when the district court to which removal is sought would have original jurisdiction over the action.  See 28 U.S.C. § 1441. The Wilsons sought to remove a landlord-tenant action which had already been resolved by the Cambria County Magisterial District Court.  We agree with the District Court that removal after the state court has decided a claim on the merits is improper and, in any event, the District Court lacked subject matter jurisdiction over such claims.   While the Wilsons cited several federal statutes in their complaint, the facts they alleged demonstrated an intent to re-litigate the events leading up to and following their eviction. Their claims of intentional infliction of emotional distress and malicious prosecution are state law claims and cannot be brought in federal court absent some basis for federal court jurisdiction.  For essentially the reasons given by the District Court, we agree that the Wilsons' notice of removal constituted an improper attempt to evade the state court's decision and that their complaint failed to allege sufficient facts to support federal subject

---

[1] The District Court also denied the Wilsons' motions for leave to proceed IFP.  As we have explained previously, leave to proceed IFP is based on a showing of indigence.  See Deutsch v. United States, 67 F.3d 1080, 1085 n.5 (3d Cir. 1995).  Only after such leave has been granted should a complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B).  See id.  Accordingly, as a matter of procedure, the District Court should have granted the motions to proceed IFP and then dismissed the notice of removal and complaint.

matter jurisdiction. Based on the foregoing, we will dismiss these appeals under 28 U.S.C. § 1915(e)(2)(B).