**ALD-145**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3590
_____

NASEER SHAKUR,
a/k/a Daniel Lewis
                                         Appellant

v.

JACQUELYN COELHO, Assistant District Attorney, District Attorney Office;
JOHN VERRECCHIO, Detective, Phila. Police Dept.; STEVEN MOSTOOVYK,
Detective, Phila Police Dept.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 09-cv-04154)
District Judge: Honorable Stewart Dalzell

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 24, 2011
Before:  SCIRICA, HARDIMAN, and VANASKIE, Circuit Judges

(Opinion filed: April 6, 2011)
_____

OPINION
_____

PER CURIAM

    Appellant Naseer Shakur, an inmate at the State Correctional Institute at

Huntington, appeals from an order of the District Court dismissing this pro se civil rights

action for failure to state a claim. For the following reasons, we will summarily affirm.

Shakur's complaint arises out of events that occurred before his criminal conviction, while he was a pretrial detainee at the Prison Industrial Correctional Center in Philadelphia. He alleges that in September 2007, officers entered his cell and confiscated legal materials, books, and personal property. The officers refused his request to file a grievance and did not provide information about how he could get his property back. Shakur claims to have later learned that the officers were acting at the behest of defendants Verrechio and Mostovyk, both detectives with the Philadelphia Police Department. Verrechio and Mostovyk turned the property over to defendant Coelho, the Assistant District Attorney prosecuting Shakur's case. Shakur alleges that the confiscation was authorized by a judicial order, and that Coelho refused to return the property, even after being ordered to do so by a judge.

Shakur claims that the seizure of his property inhibited his ability to pursue a number of goals. First, he claims that the seizure interfered with a Freedom of Information Act request that he had filed seeking "information on the criminal bonds" for his case. He also alleges that a letter from the prosecution's star witness was among the material seized. According to Shakur, this letter would have demonstrated that the witness's testimony was perjured. In addition, he claims that the seized material included discovery provided by his attorney and transcripts, without which Shakur was unable to assist in his defense. Finally, he claims that the officers seized original literary works, which he was then unable to copyright. Shakur's complaint alleges violations of due

2

process and access to the courts, as well as violations of the Fourth, Eighth, and Fourteenth Amendments.

The District Court dismissed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b), concluding that Shakur had failed to state a claim upon which relief could be granted. It did not grant Shakur leave to amend or find that amendment would be futile. Shakur filed a timely notice of appeal. However, because he had failed to pay the filing fee or submit an application to proceed in forma pauperis (IFP), the appeal was dismissed for failure to prosecute. See Fed. R. App. P. 3(a)(2); LAR 3.3(a). Shakur filed motions to reopen the appeal and to proceed in forma pauperis. Although he filed the motion to reopen beyond the ten-day time period set forth in 3d Cir. LAR 107.2(a), we find that he had good cause for failing to timely submit his application to proceed IFP and therefore grant his motion to reopen. See id. Because the IFP application demonstrates that Shakur is indigent, we will grant his motion to proceed IFP.

We have jurisdiction to hear this appeal. 28 U.S.C. § 1291. We review the District Court's § 1915(e) dismissal without leave to amend for abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992). To the extent that the District Court engaged in the choice, application, and interpretation of the law, our review is plenary. Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). Summary action is warranted if an appeal presents no substantial question. LAR 27.4; I.O.P. 10.6. We conclude that the District Court did not err in dismissing Shakur's complaint without granting leave to amend.

3

Shakur alleges that he was deprived of his property without due process of law. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause [. . .] if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Pennsylvania provides a remedy for intentional wrongs committed by state officials through the Pennsylvania Tort Claims Act, 42 Pa. C.S. §§ 8541-8546. Although state officials are generally immune from liability for acts committed within the scope of their duties, this immunity does not apply when, as is the case here, the alleged misconduct was willful. See 42 Pa. C.S. § 8550. Thus, Shakur had a remedy under state law.

Shakur admits that he did not first file a state claim, but argues that Hudson does not apply because, in his case, the defendants were in a position to provide a predeprivation remedy before his property was seized. However, "[w]hether an individual employee himself is able to foresee a deprivation is simply of no consequence. The controlling inquiry is solely whether the state is in a position to provide for predeprivation process." Hudson, 468 U.S. at 534. Thus, Hudson forecloses Shakur's argument.

Shakur also claims that Coelho refused to return his property, even after being instructed by a judge to do so. For this allegation, too, Shakur can file a claim under the Pennsylvania Tort Claims Act. In addition, Pennsylvania Rule of Criminal Procedure 588 allows for defendants "to move for the return of property on the ground that he or she

4

is entitled to lawful possession thereof." Thus, we conclude that the District Court did not abuse its discretion in dismissing Shakur's due process claims without granting leave to amend.

Shakur's remaining claims require little discussion. He argues that he was deprived of access to the courts because the seizure prevented him from pursuing a "civil action/criminal counterclaim which was to act as a criminal claim against the detectives named as defendants in this complaint." However, Shakur cannot bring criminal claims. To the extent that he argues that the seizure impeded his ability to defend his criminal case, we agree with the District Court that his remedy, if any, lies in a habeas petition, not a civil rights action. Shakur alleges a Fourth Amendment violation, but "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." Hudson, 468 U.S. at 526. Finally, he alleges no facts to suggest that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment.

Accordingly, we conclude that this appeal presents no substantial question, and we will affirm the District Court's decision.