ALD-095                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3827
_____

BRIAN KNIGHT,
                                                Appellant

v.

SUPERIOR COURT OF NEW JERSEY LAW DIVISION, SPECIAL CIVIL PART
HUDSON COUNTY; GOLDMAN & WARSHAW, P.C.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 12-cv-02521)
District Judge: Honorable Faith S. Hochberg
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 25, 2013

Before: SLOVITER, VANASKIE and WEIS, Circuit Judges

(Opinion filed: February 7, 2013)
_____

OPINION
_____

PER CURIAM.

        Brian Knight appeals *pro se* from the order of the United States District Court for

the District of New Jersey dismissing his amended complaint pursuant to 28 U.S.C.

1

§ 1915(e)(2)(B). We will summarily affirm the judgment of the District Court.

I.

In September 2010, a default judgment was entered against Brian Knight in the Superior Court of New Jersey of Hudson County for an unpaid debt to Capital One Bank. In April 2012, Knight filed a *pro se* complaint in the District Court of New Jersey against the Superior Court of New Jersey of Hudson County and the firm that represented Capital One Bank in the state court proceedings, Goldman & Warshaw, P.C. The District Court *sua sponte* screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and concluded that it failed to allege factual allegations that would support any cause of action. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8. The Court gave Knight time to file an amended complaint. In response, he filed a letter with several attachments that offered substantially the same information. The District Court then entered an order dismissing the amended complaint as frivolous. Knight timely appealed.

II.

We have appellate jurisdiction under 28 U.S.C. § 1291. To the extent that the District Court's dismissal was predicated on a legal determination that Knight's papers contained no viable claim, our review is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995); see also In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996) (providing for deferential review of a direct dismissal under Rule 8). At all events, we may take summary action when an appeal presents us with no substantial question. See 3d Cir. LAR 27.4.

III.

We agree that Knight's amended complaint failed to state a viable claim for relief.

Knight generally alleged a violation of his rights under the Due Process Clause of the

Fifth and Fourteenth Amendments, and the Fair Debt Collection Practices Act

("FDCPA").[1] It is difficult to decipher Knight's papers, but we do discern one specific

allegation in them. He complains about the content of a cover letter sent by Goldman &

Warshaw when it effected service on him of a Superior Court order dated July 16, 2009.

That order struck, without prejudice, Knight's answer because of his failure to respond to

interrogatories. The firm's cover letter indicated that if Knight wished to file a motion to

vacate the July 16 order, he "must" submit to the court a $25 restoration fee. Knight

believes that this letter violated the FDCPA because it was deceptive and threatened

action that could not be legally taken. See Amend. Comp. 2, July 30, 2012, ECF No. 4.

Knight misunderstands the letter, which actually indicated the court fee for filing a

motion to vacate. See N.J. Ct. R. 4:23-5(a)(1); N.J. Ct. R. 6:4-6(b). In any event,

Knight's allegation did not state a viable FDCPA claim because, among other reasons,

the court fee was not a qualifying "debt" under the Act. See 15 U.S.C. § 1692a(5)

(stating that a "debt" is an "alleged obligation of a consumer to pay money arising out of

---

[1] To the extent, if any, that Knight was attempting to appeal to the District Court from the state court judgment entered against him, his attack was barred by the Rooker-Feldman doctrine. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (noting that the doctrine, though narrow, bars actions where "the plaintiff is inviting the district court to review and reject the state judgment").

a transaction" for "money, property, insurance, or services"); see also Mabe v. G.C. Servs. Ltd. P'ship, 32 F.3d 86, 88 (4th Cir. 1994) (holding that an obligation to pay arising out of a court order was not an FDCPA "debt"). We note, too, that Goldman & Warshaw was required by law to inform Knight, a pro se defendant, of the court fee for filing a motion to vacate. See N.J. Ct. R. 4:23-5(a)(1).

From the rest of Knight's pleadings, we can discern only the most general allegation that Goldman & Warshaw engaged in deceptive and illegal debt collection practices; and an extension of that claim against the Superior Court of New Jersey, which he holds responsible for enabling the firm's unjust practices. However, Knight failed altogether to explain what unlawful tactics were actually used by Goldman & Warshaw, or what precisely the Superior Court did to enable the law firm's conduct, short of rendering a judgment in favor of its client. This was insufficient. See Twombly, 550 U.S. at 570 (explaining that a plaintiff's complaint must contain enough factual matter to "state a claim to relief that is plausible on its face"); see also Fed. R. Civ. P. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

IV.

For the reasons given, this appeal presents us with no substantial question. See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6. Accordingly, we will summarily affirm the judgment of the District Court. Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam).

4