**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2444
_____

ROSS A. FIORANI,
                                        Appellant,

v.

HEWLETT PACKARD CORP.; FRANCESCA
RUDE; FRANCESCA DOUGHERTY; GINGER
BORG; LYNN BENSON; BONNIE CONNOLLY;
NANCY SCOLLON; STAPLES INC.

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civ. No. 13-cv-00121)
District Judge: Honorable Richard G. Andrews

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 23, 2013

Before:  SMITH, CHAGARES and SHWARTZ, Circuit Judges

(Opinion filed:  September 26, 2013)
_____

OPINION
_____


PER CURIAM

Appellant Ross Fiorani appeals from an order of the District Court dismissing his in forma pauperis complaint under 28 U.S.C. § 1915(e)(2)(B)(i). For the reasons that follow, we will affirm.

Fiorani, a resident of Virginia, filed an in forma pauperis complaint in the United States District Court for the District of Delaware against Hewlett Packard, a California corporation, Staples, Inc., and certain individual defendants, alleging violations of several state and federal consumer protection and racketeering laws in connection with his purchase of allegedly defective laptop computers. Fiorani demanded money damages.

The District Court granted Fiorani's in forma pauperis application, and, in an order entered on April 29, 2013, dismissed the complaint as malicious under 28 U.S.C. § 1915(e)(2)(B)(i). The court reasoned that Fiorani has engaged in the practice of filing frivolous lawsuits in the federal courts, see Fiorani v. Chrysler-Dodge Corp., 2011 WL 1085034 (E.D. Va. March 18, 2011), and has even been enjoined by one court from filing actions without leave of court, see id. at *1. In addition, he had recently, in 2012, filed a nearly identical action against Hewlett Packard and Staples in the United States District Court for the Northern District of California, which remained pending, see Fiorani v. Hewlett-Packard, D.C. Civ. No. 12-cv-01240. The District Court's dismissal meant that Fiorani could not proceed with his District of Delaware complaint without prepayment of the usual filing fees.

Fiorani appeals. We have jurisdiction under 28 U.S.C. § 1291. An impoverished plaintiff may prosecute his case without prepayment of the filing fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the District Court shall dismiss the action at any time if the court determines that it is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i).

2

We review the District Court's decision to dismiss an in forma pauperis complaint as frivolous or malicious for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

"A court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." Deutsch v. United States, 67 F.3d 1080, 1086 (3d Cir. 1995). Here, the District Court reasoned in part that Fiorani has a well-documented history of filing frivolous lawsuits in the courts within the Fourth Circuit. The specific question presented, however, is whether Fiorani was motivated by a desire to vex, injure, or harass the defendants, and not whether he has abused the federal courts. See id.

In his brief on appeal, Fiorani challenges the District Court's decision on two bases that are unrelated to the issue of maliciousness. In any event, these arguments, including that federal law prevents a District Court from dismissing, pursuant to the in forma pauperis statute, an action like his which alleges that felonies were committed by agents of the defendants, see Appellant's Brief, at 3; and that a District Court, having determined that a litigant has met the financial requirements of the in forma pauperis statute, may not then dismiss it as frivolous or malicious, see id., are meritless. Moreover, we reject Fiorani's baseless assertion that the District Court was biased in his case. An adverse ruling by itself is not evidence of a court's bias. Cf. Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000) (party's displeasure with legal rulings does not form an adequate basis for recusal).

Fiorani also argues that his District of Delaware action against Hewlett Packard and Staples was not malicious because he benefitted from a 2008 class action in California, but he

3

has never received the compensation he was due, See Appellant's Brief, at 4, 6. He asserts that the District Court for the Northern District of California, where his other action is currently pending, has improperly delayed disposition of his claims seeking compensation from the 2008 class action, see id. at 7, and he suggests that this is why he turned to the District of Delaware, see id. at 8, 14, 17-18. We have carefully reviewed Fiorani's District of Delaware complaint, and, although he made reference to the 2008 California class action at ¶ 50, and later filed a copy of the class action complaint as an exhibit, see Docket Entry No. 6, he never once asserted that he was turning to the District of Delaware because of unfair delay in the Northern District of California; he did not even disclose the existence of the identical action in the Northern District of California.

Accordingly, we are not persuaded by Fiorani's arguments on appeal that the District Court abused its discretion in determining that his motivation in filing the District of Delaware action was to vex, injure, or harass the defendants, See Deutsch, 67 F.3d at 1086. Repetitive litigation undoubtedly is some evidence of a litigant's motivation to vex or harass a defendant where it serves no legitimate purpose. The complaint before the District Court disclosed no legitimate purpose for Fiorani's District of Delaware action, given that there is an identical action pending in the Northern District of California against the very same defendants.

For the foregoing reasons, we will affirm the order of the District Court dismissing Fiorani's compliant under the in forma pauperis statute.