PS2-015                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4613
_____

TIMOTHY T. FLETCHER,
                            Appellant

v.

PERRY PHELPS, individual and official capacities; MARK RISPOLLI, individual and
official capacities; GLADYS LITTLE, Sgt. individual and official capacities; BRIAN
REYNOLDS, individual and official capacities
_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civil Action No. 12-cv-00489)
District Judge:  Honorable Sue L. Robinson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 17, 2015
Before:  FUENTES, VANASKIE and SCIRICA, Circuit Judges

(Opinion filed:  December 21, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Timothy Fletcher, a Delaware state prisoner proceeding pro se, appeals an order of the United States District Court for the District of Delaware granting Sergeant Gladys Little's motion for summary judgment on his failure-to-protect claim and dismissing his equal protection claim. We will affirm, but on different grounds than the District Court. See Blunt v. Lower Merion Sch. Distr., 767 F.3d 247, 265 (3d Cir. 2014) (noting court may affirm on any basis supported by the record).

The record reflects that in late December 2011 Fletcher complained that his cellmate was harassing him because he is a homosexual. As a result, Fletcher was moved to a different cell. Fletcher then told Sergeant Little that he feared for his life because his new cellmate was harassing him on the same basis. Little told Fletcher that he must ask a lieutenant to be moved. She also told him that he should not taunt other inmates and that he should avoid places in the recreation yard where staff could not see him. Little also spoke to Fletcher's cellmate and her supervisor. Fletcher reported to other correctional officers that his cellmate was threatening him and requested protective custody, a more restrictive type of confinement designed to keep inmates safe. On or about January 2, 2012, Fletcher was moved to protective custody.

On the night of January 7, 2012, Fletcher told Little that his new cellmate, Kevin Wilkerson, was making fun of him due to his sexual orientation, that he did not like Wilkerson, and that he wanted to be moved. Sergeant John Goldman and Officer David Alston then told Little that Fletcher and Wilkerson were "bickering." Sometime between 10:00 and 11:00 p.m., Little interviewed both men separately outside of their cell. Fletcher states that Little was told that Wilkerson was touching him and harassing him for

2

sex. According to Little, Fletcher said that he was afraid of Wilkerson and that he feared that Wilkerson would try to rape him. Wilkerson said that he was afraid of Fletcher because Fletcher was harassing him for sex. Little told them each to stop bickering or they would have to go to isolation. Both men agreed to stop arguing.[1]

According to an incident report prepared by Little, at 1:30 a.m., when she and Officer Keith Burns were checking the area, Fletcher told her that Wilkerson was harassing him for sex. Wilkerson stated that Fletcher was harassing him. Little told both men that if their conduct continued, she would move them to isolation. They told Little that they would stop. Thereafter, both inmates went to sleep.

At 3:21 a.m., during medication rounds, Officer Jeffery Holcomb saw that Wilkerson had cuts and scratch marks on his face. Wilkerson told Holcomb that he had fallen when jumping off his bunk bed. Fletcher had no visible injuries. A disciplinary hearing was held, and Fletcher was found guilty of assault, disorderly or threatening behavior, and fighting, and sanctioned to 30 days in isolation. The disciplinary hearing decision reflects that Fletcher said that he and Wilkerson were fighting, but that he did not hit Wilkerson in the face. Fletcher, however, attests that Wilkerson tried to rape him and that he defended himself. Fletcher asserted in grievances that staff failed to do anything when he reported Wilkerson's advances.

---

[1]Contrary to Little's affidavit, Goldman and Alston, who were present when the inmates were questioned, attest that Fletcher said that he wanted to be moved to a single cell because he did not like Wilkerson. We have viewed the facts in a light most favorable to Fletcher. Monroe v. Beard, 536 F.3d 198, 206 (3d Cir. 2008) (per curiam).

3

Fletcher filed a complaint in District Court, which he later amended, claiming that Little failed to protect him in violation of his Eighth Amendment rights and discriminated against him based on his sexual orientation in violation of the Equal Protection Clause.[2] Following discovery, the District Court granted summary judgment in favor of Little on Fletcher's Eighth Amendment claim and dismissed his equal protection claim as frivolous pursuant to 28 U.S.C. § 1915(e). This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over orders granting summary judgment. Blunt, 767 F.3d at 265. We review the dismissal of Fletcher's equal protection claim under § 1915(e) for abuse of discretion, although we exercise plenary review over issues of law. Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).

To establish an Eighth Amendment violation based on a failure to prevent harm, an inmate must show (1) that he was incarcerated under conditions posing a substantial risk of serious harm; and (2) that a prison official was deliberately indifferent to his safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). "Deliberate indifference" is a subjective standard. See id. at 837. A prison official must know of and disregard an excessive risk to inmate health or safety. Id.

The District Court decided that a reasonable jury could conclude that Little was subjectively aware of a substantial risk of harm to Fletcher based on her knowledge

---

[2]Fletcher had brought claims against other defendants, which he did not pursue or the District Court dismissed pursuant to 28 U.S.C. § 1915(e). These claims are not at issue.

4

that he feared that he would be assaulted, her advice to him regarding his fears, and the fact that she had asked her supervisor about changing his cell before he was moved to protective custody. The District Court, however, held that no reasonable jury could find that Little violated Fletcher's Eighth Amendment rights because Little took reasonable steps to prevent harm from occurring. See Farmer, 511 U.S. at 844 (stating that a prison official who actually knew of a substantial risk to inmate safety may be found free from liability if he responded reasonably to the risk).

Fletcher argues on appeal that a jury should have decided his claim. We conclude that summary judgment was not warranted on the question whether Little reasonably responded to a risk of harm. There are discrepancies among the affidavits and incident reports – particularly those prepared by Little – as to the conversations that transpired between Fletcher and Little on January 7 and January 8, 2012. The record also reflects that Fletcher told Little that Wilkerson was harassing him for sex not only when she questioned him outside his cell, but also later on her rounds. Little responded both times by threatening time in isolation. If we were to agree with the District Court that Little was aware of a substantial risk of harm to Fletcher, the reasonableness of Little's response would be a factual question for a jury. See Hamilton v. Leavy, 117 F.3d 742, 748-49 (3d Cir. 1997) (reasonableness of response by defendants who were aware of inmate's risk of harm was question for the jury).

We cannot conclude, however, that there is an issue of fact as to whether Little was aware of a substantial risk of harm to Fletcher. The Supreme Court did not address in Farmer "[a]t what point a risk of inmate assault becomes sufficiently substantial for

5

Eighth Amendment purposes," 511 U.S. at 834 n.3, but the evidence in this case falls far short of establishing that Little was aware of a substantial risk of harm. This is not a case where a prisoner who was vulnerable to attack remained in the general population. See Hamilton, 117 F.3d at 747-48 (summary judgment improper on question of official's knowledge of risk where inmate had a history of being assaulted, had been labeled a "snitch," and was placed in the general population despite a recommendation to the contrary). Rather, Fletcher requested and was placed in protective custody when he reported that a cellmate had threatened him.

Although an official may be deliberately indifferent to a risk of harm in protective custody, Bistrian v. Levi, 696 F.3d 352, 368 (3d Cir. 2012), there is scant evidence reflecting that was the case here. The only evidence supporting a conclusion that Fletcher was at risk of harm consists of his own statements prior to the altercation that Wilkerson touched him and harassed him for sex. Even if it can be inferred that Fletcher was at greater risk of harm than other inmates due to his sexual orientation, the evidence is insufficient to show that Little was aware of a substantial risk of harm. See Beers-Capitol v. Whetzel, 256 F.3d 120, 140 (3d Cir. 2001) (summary judgment warranted where defendant knew of allegations of harm but there was no evidence that the defendant believed the allegations or that the evidence surrounding the allegations was so strong that he must have believed them likely to be true); see also Bistrian, 696 F.3d at 669-70 (noting that prisoners may feign a fear of harm and distinguishing pleadings alleging unadorned claims of danger from allegations that officials put an inmate in

6

danger by seeking his help in an investigation and then failing to protect him from retaliation).

We note that during discovery Fletcher sought but was denied access to Wilkerson's prison disciplinary history related to sexual misconduct. However, even if Wilkerson had such a history, there is no indication that such evidence would have supported his claim of deliberate indifference against Little. Little stated in her discovery responses that she was not aware of any such disciplinary records. Little also attested that before this incident she had no personal knowledge that Wilkerson engaged in fights with other inmates or that he harassed or threatened Fletcher or any other inmate. Little stated that she believed that Wilkerson was a peaceful inmate, a view that was also held by Officer Alston.

Fletcher also appeals the dismissal of his equal protection claim, but we agree, for substantially the reasons stated by the District Court, that dismissal was warranted. To the extent Fletcher appeals the District Court's denial of his requests for appointment of counsel and certain discovery motions, he has not shown that the District Court abused its discretion.

Accordingly, we will affirm the judgment of the District Court.