ALD-157                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3306
_____

SHAUN ROSIERE,
                                          Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:16-cv-00341)
District Judge:  Honorable Brian R. Martinotti

_____

Submitted by the Clerk for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6, and on
Appellee's Motion for Summary Affirmance
March 23, 2018
Before:   MCKEE, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed June 7, 2018)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Shaun Rosiere appeals pro se from the order of the United States District Court for the District of New Jersey ("the DNJ") dismissing his civil action as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). We will summarily affirm that order.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly. Between November 2015 and May 2016, Rosiere initiated eight civil actions against the Government in seven different federal district courts, seeking to obtain a host of documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Each of these pro se cases included FOIA requests that related to two criminal proceedings brought against Rosiere in the DNJ in 2008 and 2009, respectively.[1]

By mid-2017, all of Rosiere's FOIA cases except the one proceeding in the DNJ had been resolved. Three of his cases had been dismissed as malicious under § 1915(e)(2)(B)(i), another had been dismissed as duplicative, and the other three had been dismissed due to improper venue.[2] On October 12, 2017, the DNJ dismissed his remaining FOIA case, concluding that it, too, was malicious under § 1915(e)(2)(B)(i).

---

[1] In Rosiere's 2008 criminal case, he pleaded guilty to conspiracy to commit mail and wire fraud. In his 2009 case, he pleaded guilty to conspiracy to commit wire fraud. In 2010, the DNJ imposed concurrent 73-month prison terms for those offenses.

[2] Rosiere's appeals in those cases were unsuccessful.

Rosiere timely appealed from that dismissal order, and the Government now moves to summarily affirm that ruling.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the DNJ's dismissal order for abuse of discretion, see Denton v. Hernandez, 504 U.S. 25, 33 (1992), except that our review of the underlying legal issues is plenary, see Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). We may take summary action if this appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.6.

When, as here, a district court has granted a plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, that court shall dismiss the plaintiff's complaint if it is "malicious." See 28 U.S.C. § 1915(e)(2)(B)(i). To determine whether an action is malicious, a court must "engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." Deutsch, 67 F.3d at 1086. Here, Rosiere filed his DNJ lawsuit on the same day that he filed a nearly identical lawsuit in the United States District Court for the District of Colorado, and by that time he had already submitted another nearly identical lawsuit in the United States District Court for the District of Nevada.[3] Rosiere would go on to file five more FOIA cases within the next few months

---

[3] A FOIA action may be brought in (1) the district where the complainant resides, (2) the district where the agency records are situated, or (3) the District of Columbia. See 5 U.S.C. § 552(a)(4)(B). It appears that Rosiere resides in Nevada, and that some of the

(all of which included requests related to his DNJ criminal cases), and he also proceeded to inundate the Government with various motions in his DNJ case. These circumstances certainly support a finding that, at the time Rosiere initiated his DNJ case, his intent in filing the case was to harass the Government. Accordingly, we cannot conclude that the DNJ erred in dismissing this case as malicious.

Because this appeal does not present a substantial question, we hereby grant the Government's motion for summary affirmance, and we will summarily affirm the DNJ's October 12, 2017 order. Rosiere's request for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

---

requested FOIA documents were situated in New Jersey and Colorado, respectively.