**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-1156
_____

MARK S. FRAZIER,
                              Appellant

v.

CITY OF PHILADELPHIA;
COMMONWEALTH OF PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 2:17-cv-04597)
District Judge: Honorable Nitza I. Quiñones Alejandro

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 4, 2018

Before: GREENAWAY, JR., BIBAS and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 21, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

In a second amended complaint ("the Complaint"), Mark Frazier purported to sue various parties alleged to have stolen Frazier's intellectual property, the sale of which was allegedly used to fund a years-long harassment campaign against him. Frazier's pleading appeared to raise claims for wrongful arrest and other civil rights violations, as well as claims for copyright infringement.

The District Court, having granted Frazier permission to proceed in forma pauperis, screened the Complaint under 28 U.S.C. § 1915(e)(2)(B). The District Court dismissed the Complaint, with prejudice, for failure to state a viable claim, <u>see</u> 28 U.S.C. § 1915(e)(2)(B)(ii), and for being "abusive of the judicial process" and thus "malicious" under 28 U.S.C. § 1915(e)(2)(B)(i), insofar as Frazier previously litigated cases based on identical allegations of fact. The District Court, moreover, concluded that any further attempts by Frazier to amend his pleading would be futile. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. Our review of a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is de novo. <u>Allah v. Seiverling</u>, 229 F.3d 220, 223 (3d Cir. 2000). Our review of a dismissal under 28 U.S.C. § 1915(e)(2)(B)(i), is for abuse of discretion unless the District Court applied legal precepts (in which case it is de novo). <u>See</u> <u>Deutsch v. United States</u>, 67 F.3d 1080, 1083 (3d Cir. 1995). Our review of the District Court's refusal to permit additional amendment of a pleading is for abuse of

2

discretion, but a determination that amendment would be futile is reviewed de novo. U.S.

ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014).

On appeal, Frazier focuses on the District Court's dismissal of the Copyright Act

claims.[1]  Those claims were adequately pleaded, Frazier contends, as he used the very

"format provided by the 2004 Federal Rules of Civil Procedure." Br. at 2.  According to

Frazier, "all a plaintiff needs to do [to adequately plead a copyright infringement claim]

is to have [his] work registered with the U.S. copyright office and plead that the work

was copied without authorization." Br. at 3.  We disagree with Frazier's assessment, for

the reasons given below, and otherwise conclude that Frazier failed to state a claim.

Accordingly, we will affirm the District Court's order dismissing the Complaint.[2]

---

[1] Frazier's opening brief does not address in any meaningful way the District Court's legal determinations as to his civil rights claims—those determinations variously being that the claims were not cognizable under 42 U.S.C. § 1983, or lacked sufficient supporting factual material, or were subject to an immunity doctrine, or were plainly time-barred.  Frazier thus has waived challenges he might have brought to those determinations. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue . . . will not suffice to bring that issue before this court.'") (citation omitted); see also Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam) (applying waiver doctrine to pro se appeal).  Even absent waiver, though, we would affirm the dismissal of Frazier's civil rights claims for substantially the reasons given in the District Court's opinion.

[2] In light of this disposition, we do not reach the issue of the District Court's 'maliciousness' determination under 28 U.S.C. § 1915(e)(2)(B)(i).  In addition, we note that Frazier's appeal of the District Court's subsequently issued order declining to recuse (CA No. 18-1371) will be addressed in a separate opinion.

Dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is proper if the pleading party fails to allege sufficient factual matter that, if accepted as true, could "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). While this "plausibility standard" is not a "probability requirement," it does call for the pleading to show "more than a sheer possibility that the defendant has acted unlawfully." Iqbal, 556 U.S. at 678. In that vein, the pleading party must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of her claim. Phillips v. Cty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (citation and internal quotation marks omitted).

A plaintiff wishing to adequately plead a copyright infringement claim, specifically, must plausibly allege both: "(1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc., 307 F.3d 197, 206 (3d Cir. 2002). To satisfy that second element, the plaintiff must supply plausible allegations of fact "showing not only that the defendant had access to a copyrighted work, but also that there are substantial similarities" between the original work and the one purportedly produced via plagiarism. Dam Things from Denmark, a/k/a Troll Co. ApS, v. Russ Berrie & Co., Inc., 290 F.3d 548, 561 (3d Cir. 2002).[3]

4

With all of that in mind, we turn to Frazier's Complaint. Despite multiple opportunities to fix the defects in his copyright infringement claims, Frazier provided almost no details about the "several original works of authorship," Compl. at ¶ 2, he allegedly registered with the U.S. Copyright Office. He offered only a generalized, exemplary list of his copyrighted "wares." See Compl. at ¶ 5 (listing the "ITDSC 'Do-It-Yourself-In-Minutes' Portable Fireplace Generation Technique" as one of the "wares"). But Frazier did attach to his pleading an exhibit purportedly reflecting search results from the U.S. Copyright Office's online database, and those results show at least superficially that Frazier is the owner of several copyrights. With a third chance to amend, then, Frazier may have been able to plausibly plead the element of valid copyright ownership.

Nevertheless, the District Court was correct that another opportunity for Frazier to amend would be futile. For even with the liberal construction afforded to the pro se draftsman, the allegations in the Complaint at most suggest only that certain defendants dispossessed Frazier of his "laptop" and one or more "flash drives," and that on each device was stored copyrighted material. Compl. at ¶ 10 & "Discussion."[4] Without factual material related to an ostensibly copyright-infringing work produced by any of the

---

[3] Contrary to Frazier's position, see Br. at 3, a threadbare recitation of these elements will not suffice, Iqbal, 556 U.S. at 678 (citation omitted); the allegations must set forth facts (not legal conclusions), id., and they must be plausible, see Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) ("The touchstone of the pleading standard is plausibility.").

[4] Frazier's allegation that the defendants "converted plaintiff['s] intellectual property titles," Compl. at ¶ 10, is at best an incredibly vague assertion of fact, and at worst a bald conclusion of law to be ignored when making a determination under § 1915(e)(2)(B)(ii).

defendants, however, the allegations do not raise a reasonable expectation that discovery will reveal evidence supporting the "copying" element of a copyright infringement claim. See Grace Consulting, 307 F.3d at 206; Dam Things from Denmark, 290 F.3d at 561.

For these reasons, the judgment of the District Court will be affirmed.