RUFE, J.
Plaintiff Daniel Warren, a prisoner incarcerated at SCI Phoenix, filed this civil action pursuant to 42 U.S.C. § 1983 against thirteen Judges of the Pennsylvania Superior Court. For the following reasons, the Court will grant Warren leave to proceed in forma pauperis and dismiss his Complaint for lack of subject matter jurisdiction.
I. FACTS
Warren brings due process claims against the Defendant Judges based on their allegedly improper dismissal of two appeals he filed. Warren alleges that he filed an appeal in a quo warranto action, which was forwarded to the Pennsylvania Superior Court. In a per curiam order, the court directed Warren to show cause as to why his appeal should not be dismissed on the basis that an "appeal taken from an action in quo warranto may be within the exclusive jurisdiction of the Pennsylvania Supreme Court." (Compl. at 3, ¶ 14.) Warren responded with a motion to transfer his appeal. Two days later, the court directed the prothonotary to issue a briefing schedule. Warren filed a motion to stay that order on the basis that he believed his appeal should be transferred due to a lack of jurisdiction.
The court thereafter issued an order discharging the rule to show cause order, indicating that the appeal would proceed at that time, and directing that the parties should be prepared to address the jurisdictional issue as the issue may be revisited by the panel of judges assigned to the case. (Compl. at Ex. 4.) Rather than file a brief as directed, Warren filed a writ of prohibition with the Pennsylvania Supreme Court to prohibit the Pennsylvania Superior Court from acting on his appeal. While the writ of prohibition was pending, the Pennsylvania Superior Court issued a per curiam order dismissing Warren's appeal due to his failure to file a brief. Warren moved to strike that judgment, but his motion was denied. Warren alleges that essentially the same course of events happened in connection with a second appeal he filed in a separate quo warranto action.
Based on those allegations, Warren claims that the judges of the Pennsylvania Superior Court violated his due process rights by acting without jurisdiction to deprive him of his appeals in both cases. Warren asks this Court for an injunction "[i]mmediately void[ing] their judgments" in his appeals, and for monetary damages. (Compl. at 7.)
II. STANDARD OF REVIEW
Warren is granted leave to proceed in forma pauperis because it appears that he is not capable of paying the fees to commence this civil action.[1] As Warren is proceeding in forma pauperis , 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable *492 basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), and is legally baseless if "based on an indisputably meritless legal theory." Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995). Additionally, to survive dismissal, the Complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quotations omitted). "[M]ere conclusory statements[ ] do not suffice." Id. Furthermore, "[i]f the court determines at any time that it lacks' subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Warren is proceeding pro se, the Court construes his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).
III. DISCUSSION
The Court lacks jurisdiction over Warren's case. Pursuant to the Rooker-Feldman doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the Rooker-Feldman doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 166 (quotations omitted). "[T]here are four requirements that must be met for the Rooker-Feldman doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Id.
Here, all four requirements for applying Rooker-Feldman are satisfied. Warren lost in state court prior to filing the instant case and his due process claims are predicated on injuries caused by the state court judgments. He is clearly inviting review and rejection of the Pennsylvania Superior Court's judgments in his cases by asking this Court to conclude that the state court acted improperly in issuing those judgments and by asking this Court to vacate those judgments. At bottom, Warren's case is essentially an appeal from unfavorable judgments issued by a state court seeking review and rejection of those judgments on the grounds that they were issued without jurisdiction and/or in violation of Warren's rights. Accordingly, this Court cannot exercise jurisdiction over his claims. See King v. Burr , 728 F. App'x 83, 85 (3d Cir. 2018) (affirming dismissal pursuant to Rooker Feldman doctrine where "the sources of the plaintiff's injury are orders and judgments of the Pennsylvania state courts" (internal quotations and alteration omitted)).
IV. CONCLUSION
For the following reasons, the Court will grant Warren leave to proceed in forma pauperis and dismiss his Complaint for lack of subject matter jurisdiction. Warren will not be given leave to file an amended complaint because he cannot cure the defects in his claims. An appropriate Order follows.

However, as Warren is a prisoner, he will be obligated to pay the filing fee in installments in accordance with 28 U.S.C. § 1915(b).